**Salem**

MARY R. BOWERS

v.

STANLEY ROGER BOWERS

No. 0421-86-3

Decided August 18, 1987

COUNSEL

Alvin B. Marks, Jr. (Poindexter, Burns, Marks & Massie, on brief), for appellant.

Stuart C. Sullivan III (Humes J. Franklin, Jr.; Franklin, Franklin, Denney, Heatwole & Ward, on brief), for appellee.

OPINION

**COLEMAN, J.** — This appeal requires that we construe portions of the equitable distribution statute, Code § 20-107.3. In 1982, Virginia joined the majority of states when it enacted legislation authorizing divorce courts to distribute marital property based upon a partnership theory and equitable principles. Most states enacted similar legislation soon after the Commissioners on Uniform State Law proposed the Uniform Marriage and Divorce Act in 1970. That model act encouraged states to reform their divorce laws in a manner which would recognize that property rights could be created in marital assets without regard to legal ownership or title. Virginia previously followed the common law approach which provided that legal title or ownership controlled property rights between divorcing parties. Under the common law approach, Virginia's trial courts had no means of dividing or transferring marital property; they were limited to awarding periodic or lump sum support, which served a separate purpose from equitable distribution awards. Regardless of a party's monetary or nonmonetary contributions to the acquisition, maintenance or improvement of property, or the efforts made toward the well being of the family or the marriage, divorce courts were powerless to divide or transfer property. With the adoption of the equitable distribution statute, Virginia courts obtained limited authority to adjust the marital wealth by granting to one party a monetary award based upon the rights and equities of the parties, with the amount and method of payment governed by enumerated statutory factors. *Williams v. Williams*, 4 Va. App. 19, 23, 354 S.E.2d 64, 66 (1987); *Rexrode v. Rexrode*, 1 Va. App. 385, 394, 339 S.E.2d 544, 549 (1986). While Virginia's courts remain powerless to divide property or to order the transfer of ownership, they do have limited power to approve the transfer of title or ownership of property in satisfaction of all or part of a monetary award, or to partition property in the divorce proceeding. *Morris v. Morris*, 3

Va. App. 303, 309, 349 S.E.2d 661, 664-65 (1986); *Venable v. Venable*, 2 Va. App. 178, 185, 342 S.E.2d 646, 650-51 (1986).

In the present case, the trial court granted the wife a monetary award but specifically excluded any value for the husband's "retirement pension and profit sharing plan." The appellant-wife asserts that her contributions to the marriage which qualified her for a monetary award from other marital property entitled her to some reasonable value for the husband's retirement plan and for the shares of stock which he acquired through an employment benefit plan. She contends that the court's failure to consider these assets was an abuse of discretion. The trial court assigned insufficient evidence "to determine entitlement or value" as its reason for excluding the "retirement pension and profit sharing plan." Thus, we consider whether a trial court which has determined to grant a monetary award must consider the total value of the marital assets, or whether the court may, under certain circumstances, exclude the value of one or more marital assets in granting and calculating a monetary award.

After a seventeen year marriage, the parties were divorced on no-fault grounds. The trial judge granted Mary Bowers a lump sum monetary award of $17,500 pursuant to Code § 20-107.3 and ordered that Mr. Bowers could satisfy this award by transferring his one-half interest in the jointly owned residence.[1] The equity in the marital residence was valued at $35,000. The court further ordered that Mrs. Bowers receive a sum equal to one-half the value of their marital tangible personal property valued at approximately $11,000, which Mr. Bowers could satisfy by the transfer of his one-half interest in the home furnishings. The court made no finding of which items were included as "home furnishings" or their values; however, the total value of those items retained by the wife which would qualify was $2,700. Additionally, the court directed that Mrs. Bowers receive $4,700 from insurance proceeds for damage to a 1980 Pontiac automobile which she used.

The record is clear that in calculating the award the trial court did not include any value for Mr. Bowers' retirement plan with

---

[1] *See Williams v. Williams*, 4 Va. App. 19, 354 S.E.2d 64 (1987), regarding a court's authority to approve transfers of property to satisfy monetary award. Neither party objected to the award on the ground that the court approved in advance transfers of property in satisfaction of each sum specified.

UPS acquired during the marriage. However, central to the dispute between the parties is whether the court included as marital property the value of 1,931 shares[2] of UPS stock acquired during the marriage, valued at $30 per share or $57,930.

## I. UPS STOCK

The trial court stated: "The only item not accepted was the evaluation of the retirement pension and profit sharing plan." The trial court ruled as it did because "there was no evidence presented either to explain the plan and the rights and entitlements under it or to establish its value." Appellant relies upon the separate reference to a "profit sharing plan" and upon her calculation that the award she received constituted one-eighth of the marital assets to support her argument that the stock's value was not included in making the monetary award. We disagree. First, the court clearly indicated that the retirement pension and profit sharing plan was "the *only* item" not considered. Second, the UPS retirement plan was totally funded by employer contributions. As such it would generally be considered a profit sharing plan because it would be funded by corporate profits. We believe this accounts for the trial court's characterization of the benefits as a "profit sharing plan." Third, the value of the stock was not disputed, the identical values being designated in the parties' disclosure schedules and was easily obtainable. Fourth, and most important, contrary to appellant's contention, had the stock been excluded in calculating the monetary award, the actual award would have given Mrs. Bowers an inordinate portion of the marital estate. Excluding the stock, the remaining marital estate was valued at $46,000, consisting of $35,000 realty and approximately $11,000 for tangible personalty. The monetary award to Mrs. Bowers was $17,500, plus one-half the value of the tangible personalty or $5,500, totaling $23,000. Her monetary award, combined with the value of the moiety which she already held in the jointly owned realty and her one-half interest in the jointly owned tangible personalty, would result in her receiving virtually the entire marital estate. On the other hand, assuming the $57,930 stock

---

[2] An additional 400 shares of UPS stock were purchased by the husband with nonmarital assets after the parties separated but before the divorce proceeding was filed. Although at trial the parties disputed the classification of the 400 shares as marital or separate property, our holding in *Price v. Price*, 4 Va. App. 224, 355 S.E.2d 905 (1987), has resolved that the 400 shares were the husband's separate property.

was included, as we believe that it was, the net result after the monetary award would leave Mrs. Bowers with approximately $46,000 of the marital assets and Mr. Bowers with $57,930, or 45% and 55% respectively.[3]

For the foregoing reasons we conclude that the trial court did include the UPS stock as marital property in calculating the monetary award, and only excluded the UPS retirement plan. Thus, we limit our consideration of alleged error to the court's exclusion of the UPS retirement plan from the marital estate for failure to prove "entitlement and value."

## II. ENTITLEMENT

As previously noted, the trial court stated that there was insufficient evidence to determine "entitlement" or value of the retirement plan. By "entitlement" it is unclear whether the trial court concluded that the evidence was insufficient to classify the pension as marital property or whether as marital property, the wife failed to establish any rights or equities in that asset justifying a monetary award upon consideration of the factors under Code § 20-107.3(E). In either instance the court was incorrect, but for reasons hereinafter expressed, the ruling does not affect our holding.

Property acquired during marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property. Code § 20-107.3(A)(2). Since 1985, Code § 20-107.3 has specifically stated that pensions are personal property which may be classified as marital property. Prior to the 1985 clarifying amendment, pensions were held to be property subject to inclusion as marital property. *Mitchell v. Mitchell*, 4 Va. App. 113, 120, 355 S.E.2d 18, 22 (1987) (citing *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 280 (1985)). A spouse is deemed to have rights and interests in the marital property of the other. Code § 20-107.3(B).

Pensions or retirement plans present somewhat different considerations than other property under the equitable distribution

---

[3] The parties do not appeal whether the court erred by granting separate monetary awards in various properties or by failing to designate an amount certain in tangible personalty. We do not address those issues. *But see McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985) (concerning method of arriving at an award by aggregating the values of rights and equities in various properties).

statute. The present value of a pension and whether it is vested or nonvested are factors along with others specified in Code § 20-107.3(E) in determining the amount and method of payment of the monetary award. *McLaughlin v. McLaughlin*, 2 Va. App. 463, 471, 346 S.E.2d 535, 539 (1986). Under Code § 20-107.3(G) prior to the 1985 amendment, the payments for any part of a monetary award based upon inchoate pension rights must necessarily be separately designated because payment is deferred until the recipient actually receives benefits, and the award may not exceed fifty percent of the cash benefits. *Mitchell*, 4 Va. App. at 121, 355 S.E.2d at 22.

The retirement plan's value which Mr. Bowers obtained during the marriage and through the date of separation is presumed to be marital property. The record contains no evidence which rebuts that presumption. While the court has broad discretion in making a monetary award, both parties "shall be deemed to have rights and interests" in the marital property. Code § 20-107.3(B). Since the trial court found that a monetary award should be granted, unless the evidence of the pension's value was insufficient, we find nothing in the record to support the trial court's failure to include it as marital property if, in fact, that is what the court meant when it referred to "entitlement."

### III. VALUE

#### A.

Next, we consider the sufficiency of the evidence to establish the retirement plan's value. The proposition has been advanced that under Virginia's equitable distribution statute the ultimate responsibility to determine value of separate or marital property rests with the trial judge. In effect, the trial court is obligated to obtain an evaluation of all assets, both marital and separate, if for any reason value evidence is rejected or ruled insufficient. The proponents of this position rely upon that part of Code § 20-107.3 which states "the court, upon request of either party, *shall* determine the . . . value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property and which is marital property." (emphasis added).

Similar language in other states' statutes has been construed to place an affirmative duty on the trial court to obtain an evaluation in the absence of adequate evidence presented by the parties. L. Golden, *Equitable Distribution of Property* § 7.01 (1983); *see Nisos v. Nisos*, 60 Md. App. 368, 483 A.2d 97 (1984) (reversible error for the court to fail to evaluate husband's pension in the absence of sufficient evidence presented by the parties); *Green v. Green*, 623 S.W.2d 265 (Mo. Ct. App. 1981) (reversible error to divide marital assets, including pension and profit sharing plan, without evidence of value); *Olsher v. Olsher*, 78 Ill. App. 3d 627, 397 N.E.2d 488 (1979) (abuse of discretion for trial court to divide stock in absence of its value).

Other states adhere to the view that the burden to develop evidence of value rests with the parties and, in the absence of sufficient evidence, trial courts may divide the property or make an award without considering the value of a particular asset. The responsibility to develop or fill voids in the evidence of asset values rests with the litigants, not with the trial judge. *Showley v. Showley*, 454 N.E.2d 1230, 1231 (Ind. Ct. App. 1983) (trial court not required to fill evidentiary void *sua sponte* where parties fail to introduce evidence of value); *Smith v. Smith*, 682 S.W.2d 834, 836 (Mo. Ct. App. 1984) (each party has an equal burden to introduce value evidence but trial judge has none).

Virginia's statute "mandates" that trial courts determine the ownership and value of all real and personal property of the parties. *Hodges v. Hodges*, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986). But, consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question. "[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." *Id.* at 517, 347 S.E.2d at 139. Furthermore, "[r]eviewing courts cannot continue to reverse and remand . . . [equitable distribution] cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so. Parties should not be allowed to benefit on review for their failure to introduce evidence at trial . . . . At some point we must 'ring the curtain

down.' " *In re Marriage of Smith*, 114 Ill. App. 3d 47, 54-55, 448 N.E.2d 545, 550 (1983).

 Virginia's trial courts may, without doing violence to the statute, make a monetary award without giving consideration to the classification or valuation of every item of property, where the parties have been given a reasonable opportunity to provide the necessary evidence to prove classification or valuation but through their lack of diligence have failed to do so. However, a court may not arbitrarily refuse to classify or evaluate marital or separate property where sufficient evidence to do so is in the record. The court may not refuse or fail to give parties a reasonable opportunity to develop and present evidence of value. Nor can the court arbitrarily reject credible evidence of value merely because other evidence might be more accurate, convincing, desirable or persuasive. Adequate discovery techniques are available to the parties to enable them to obtain evidence to identify, classify or evaluate marital or separate property. The court has available and should exercise adequate sanctions to deal with the reluctant or recalcitrant party or witness who fails or refuses to disclose relevant evidence.

## B.

In the present case, the wife moved for equitable distribution. She had the burden of proof on classification and valuation issues. Both parties filed property disclosure schedules giving an opinion of the ownership, classification and value of the marital and separate property. Mr. Bowers listed his UPS retirement plan as his separate property which he valued at $2,829.13. There was no explanation for the value he assigned. Mrs. Bowers' schedule valued his retirement at $2,830, presumably based on Mr. Bowers' schedule. A booklet which described the UPS Retirement Plan was filed as an exhibit with Mr. Bowers' schedule. The booklet explained that the retirement plan was funded totally by the employer. Benefits vested after ten years employment. Since Mr. Bowers was employed with UPS in March 1976 he had no vested retirement benefits.

The wife submitted evidence by deposition but introduced no additional evidence of the retirement plan's value. In October 1985 at an *ore tenus* hearing wife's counsel submitted a written

proposal prepared by him in which he calculated the present value of Bowers' retirement plan at $2,656.35,[4] an amount close to those in the spouses' schedules. The trial court rejected counsel's proposed evaluation but continued the hearing to afford appellant an opportunity "to develop evidence of marital assets and their value and to study and evaluate the retirement benefits due the husband from his employer."

At the next hearing on January 6, 1986, the wife "informally" moved for leave to secure an expert in the field to evaluate Mr. Bowers' pension and retirement plan at his expense. According to the certified statement of fact, an informal discussion occurred at the hearing during which the judge observed that there was insufficient justification for incurring an estimated expense of $600 to $1,200 for an expert when no effort had been made by Mrs. Bowers to determine the value or details of the plan from the employer or to study the data supplied through discovery. The court made no ruling, indicating that no formal motion was made to employ an expert. While the evaluation of a pension plan may be difficult, we are not required to decide whether the trial court abused its discretion in failing to require the husband to provide funds for the wife to secure an expert witness. Since no motion or ruling was made in the trial court, the issue cannot be raised on appeal. Rule 5A:18.

On February 12, 1986, the court conducted a final hearing. When no additional evidence on valuation was submitted, the court accepted the values assigned to all real estate and tangible personal property on the parties' schedules. The court, however, refused to accept "the evaluation of the retirement pension and profit sharing plan . . . [having] found that there was no evidence presented either to explain the plan and the rights and entitlements under it or to establish its value."

The trial judge did not err in ruling that the burden was upon Mrs. Bowers to prove ownership, and to provide sufficient competent evidence to enable the court to classify and value the UPS retirement plan. The burden rested with Mrs. Bowers to present sufficient evidence of the factors under Code § 20-107.3(E) upon which the amount of a monetary award and method of payment

---

[4] The computation was based on an equation discussed in a legal seminar from which counsel submitted a written handout to support his approach and calculation.

could be determined. The trial court was justified in rejecting appellant's counsel's computation of present value; he was not a witness and no evidence was presented to verify his evaluation method or to authenticate the approach or data he used. Although both parties included similar values for the pension in their disclosure schedules, Mrs. Bowers disputed that value and undertook to prove its value by other means. She requested and was granted an opportunity to further develop by an expert witness the pension's value. However, apparently confronted with the expense of doing so, Mrs. Bowers chose to rely on the record and on the evidence presented.

The trial court did not err in rejecting her counsel's calculation to prove the retirement plan's value. Based on the prior proceedings, the appellant had reasonable notice that the trial court considered the evidence of the plan's present value insufficient. The appellant was granted a reasonable opportunity to prepare and present evidence of the plan's value but failed to do so. Accordingly, the trial court did not abuse its discretion under the circumstances in making a monetary award without considering the value of all marital property.

*Affirmed.*

Cole, J., and Moon, J., concurred.