## CIRCUIT COURT OF HENRICO COUNTY

Kenneth W. Moss

v.

Sharon W. Moss

June 30, 1988

Case No. 85C874

By JUDGE JAMES E. KULP

This matter is before the Court on the question of equitable distribution. The Court heard evidence *ore tenus* on May 18, 1987, and the parties presented additional evidence and memorandums in February, 1988. The Court now renders this opinion.

The parties were married on July 3, 1982, and separated May 6, 1985. No children were born of the marriage, and a Final Decree of Divorce was entered on December 9, 1986. The Final Decree reserved the question of equitable distribution.

The parties have agreed that the marital property is as follows:

a. Marital residence - This home has been sold, and each party received $800 from the proceeds of the sale.
b. Personal property - This has been divided among the parties.
c. Cash in savings - $1,000
d. Cash in joint checking - $581
e. Christmas Club - $750

f. Husband's Profit Sharing - $6,398
   (Total value on 4/30/85 - $10,331 minus value
   on 6/30/82 - $3,933).

Mr. Moss is making a claim for seven mortgage payments of $547 each, which he paid after the separation and before settlement for a total of $3,829. Mrs. Moss seeks rent for the time Mr. Moss lived in the marital home after the separation but before it was sold. Mrs. Moss, however, presented no evidence as to what the rental value would be. Since the burden would rest upon Mrs. Moss to present evidence of the rental value, the Court cannot consider her claim in the absence of evidence. *See Bowers v. Bowers*, 4 Va. App. 610 (1987). Mr. Moss is also making a claim for two boat payments of $238 each for a total of $476. Mr. Moss further makes a claim for joint loans which he is paying.

There is a conflict in the evidence as to whether there has been an agreement between the parties as to the division of the personal property. Mr. Moss claims that no agreement was reached, whereas Mrs. Moss takes the position that an agreement was reached and the personal property has been divided according to the agreement. In view of the fact that Mr. Moss testified that what he was seeking was reimbursement for the mortgage and boat payments as well as his share of the savings and checking account, and since counsel for Mr. Moss presented no argument on this point, the Court finds that the personal property has been divided pursuant to an agreement between the parties.

In the Court's opinion Mr. Moss is entitled to reimbursement for one-half of the mortgage and boat payments which amounts to $2153. In each case Mr. Moss made payments in order to maintain the value of marital property.

The evidence showed that from the joint savings account Mrs. Moss made a withdrawal of $700, leaving Mr. Moss $300. Mr. Moss retained the balance in the checking account of $581, and the $750 in the Christmas Club. The Court finds the evidence insufficient to hold that some or all of the funds in the Christmas Club were used to pay off joint debts and assigns the total amount as retained by Mr. Moss.

The evidence as to the loans is somewhat unclear. The evidence revealed that a loan was taken out on January 16, 1985, in the amount of $1000, another loan for $400 was taken out on April 16, 1985, and a third loan was taken out on May 2, 1985, in the amount of $2100. Mr. Moss's uncontradicted testimony is that these loans were all used for marital debts. The testimony was that there is a $2451 balance owed on these loans. Mr. Moss testified that he had paid $1000 toward these loans, but his testimony did not reveal when these payments were made. In view of the evidence that Mrs. Moss was contributing her salary to run the household and pay bills, the Court is unable to find that Mr. Moss is entitled to any reimbursement for the $1000 paid on these loans. The Court does find that the loan debt of $2451 is owed jointly by the parties, with each being responsible for half of the debt.

In summary of the marital property, the Court finds that Mr. Moss is entitled to a reimbursement of $2153 for the mortgage and boat payments. From the cash assets Mrs. Moss took $700, and Mr. Moss retained $1631. In the Court's opinion Mrs. Moss is entitled to one-half ($466) of the difference between the cash retained by Mr. Moss and that taken by her. This leaves Mrs. Moss owing Mr. Moss $1687 and each party being responsible for one-half of the $2451 loan balance.

After identifying and evaluating the marital property, the Court is to consider whether a monetary award is warranted. The Court must consider the equities and the rights and interests of each party in the marital property, and the amount of any award shall be determined after a consideration of the factors set forth in § 20-107.3(E).

In this case both parties are young and in good health. Mrs. Moss contributed her $15,000 salary to run the household and pay marital debts. Additionally, she cooked the meals and did the cleaning. As previously mentioned the marriage lasted only three years. The cause of the dissolution of the marriage was not well developed by the evidence, and the Court assigns little weight to this factor. As previously indicated Mr. Moss has a profit sharing plan valued at $6,398.

Upon careful consideration of the equities and interests of the parties in the marital property, the Court is of the opinion that Mrs. Moss is entitled to a monetary

award. Although this marriage was of a short duration, it was a partnership. Both parties placed their income into a common pot to be used for the necessities and enjoyment of life. After maturely considering each factor set forth in § 20-107.3(E) the Court fixes the amount at a lump sum award of $2900. Mr. Moss can satisfy this award by assuming Mrs. Moss's one-half obligation for the marital debts and forgiving her of the $1687 she owes him.