COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


KAREN DEE ALLEN
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0986-97-1          JUDGE NELSON T. OVERTON
                                          FEBRUARY 24, 1998
WILLIAM DALE ALLEN


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         John K. Moore, Judge

            (Dale Vernon Berning; Moody, Strople &
            Kloeppel, Inc., on brief), for appellant.[1]

            Moody E. Stallings, Jr. (Kevin E.
            Martingayle; Stallings & Richardson, P.C., on
            brief), for appellee.


     Karen Dee Allen (wife) appeals a final decree of divorce in

which the trial court refused to classify certain monies as

marital property and, thus, subject to equitable distribution.

Because the trial court's decision is not plainly wrong or

without evidence to support it, we affirm.

     We view the evidence in the light most favorable to the

party prevailing below.  See Derby v. Derby, 8 Va. App. 19, 26,

378 S.E.2d 74, 77 (1989).  So viewed, the record indicates that

on December 17, 1994 wife filed a bill of complaint seeking

divorce a vinculo matrimonii from William Dale Allen (husband).

The matter was referred to a commissioner in chancery who heard

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Appellant waived the opportunity to present oral argument.

evidence on the sole issue presented by the parties; equitable distribution of the couple's remaining personalty. During the ore tenus hearing, wife testified that husband received a yearly, six thousand dollar ($6,000) payment from the Department of the Navy. She stated that Naval officers told her that the payment was her husband's retirement pension. She presented no other evidence on the matter.

> In his report, the commissioner found that:
>     Military retirement benefits are payable
>     monthly, not yearly. I can not tell from the
>     evidence what the husband is receiving, but
>     it is not a retirement benefit as defined in
>     the Former Spouses Protection Act. I
>     therefore do not recommend an award to the
>     wife from these monies.

The trial court acted upon the commissioner's recommendation by refusing to declare the payment a marital asset under Code § 20-107.3. Accordingly, the divorce decree of March 24, 1997 made no mention of the payment.

We lend great weight "to a commissioner's findings of fact based upon evidence taken in his presence." Hill v. Hill, 227 Va. 569, 576, 318 S.E.2d 292, 296 (1984) (citations omitted). "On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong." Id. In the instant case, the trial court was not plainly wrong when it refused to distribute the payments.

We have held that "the burden is always on the parties to present sufficient evidence to provide the basis on which a

- 2 -

proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (citing Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986)). The only evidence regarding the payments was presented through wife's testimony, which the commissioner himself commented upon when he warned wife's counsel that "[y]our client is simply not being forthright and not being honest."

With no credible evidence before it, the trial court could have rightfully found that the payments were not shown to exist at all. See Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 260-61 (1990) (holding that an employment bonus wasn't proven unless the proponent could show that it was actually paid or received). The details of the commissioner's report, however, indicate that he believed a payment had been made to husband, but that it could not have been a military pension due to its infrequency. Wife insisted, however, that the yearly payment was a pension. Faced with conflicting evidence regarding the character of the funds, the trial court concluded that it could not be a military pension. Because the parties presented no further evidence of the nature of this unidentified money, the trial court determined it was not subject to equitable distribution. See Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 625 (1993); Lambert v. Lambert, 10 Va. App. 623,

627-28, 395 S.E.2d 207, 209-10 (1990).

An appellate court has no better view of the evidence and enjoys no better insight into the character of husband's mysterious payments than did the trial court. Wife urges us to reverse the trial court on the ground that her statements constituted credible evidence that the money at issue was a military retirement pension. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 589, 601 (1986)). Because the trial court was free to find wife's testimony not credible, and we cannot now reverse that finding, we hold that the trial court's refusal to distribute the funds was proper.

"'Parties should not be allowed to benefit on review for their failure to introduce evidence at trial . . . . At some point we must "ring the curtain down."'" Bowers, 4 Va. App. at 617, 359 S.E.2d at 550 (citations omitted). Accordingly, the last act of this play is finished, and we affirm.

Affirmed.