COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

CHAYA KUNDRA

MEMORANDUM OPINION[*]
v.   Record No. 2510-97-4                        PER CURIAM
                                                 APRIL 28, 1998
BOBBY MAKHEJA, MALKA MAKHEJA,
 AMAR NATH MAKHEJA AND THE
 BOMBAY STORE, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jack B. Stevens, Judge

(William C. Dickerson; Robert N. Levin;
Levin & Tepper, on brief), for appellant.

(Kenneth R. Weiner; Weiner, Weiner & Weiner,
on brief), for appellees.


     Chaya Kundra (wife) appeals the decision of the circuit
court finding that the evidence was insufficient to establish the
location and value of certain jewelry she received through her
marriage to Bobby Makheja (husband).  Wife contends that the
trial court erred in (1) finding that there was insufficient
evidence to rule on the value of the jewelry; (2) finding that
there was insufficient evidence to rule on the location of the
jewelry; (3) failing to find wife owned a kundan set; and (4)
failing to award wife costs and attorney's fees.  Upon reviewing
the record and briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
decision of the trial court.  See Rule 5A:27.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Background

The dispute in this appeal arises over the location and value of certain pieces of jewelry which wife asserts she was given upon her engagement to husband, as well as other pieces of jewelry wife owned prior to the marriage. The evidence established that, pursuant to Indian tradition, wife received certain pieces of jewelry, including a necklace and earring set known as a "kundan set," from the family of her husband-to-be. The parties presented evidence over four days concerning the value and location of the missing jewelry.

The trial court summarized the evidence presented by the parties as to the jewelry's value and location. The court found that the jewelry was wife's separate property, but found that there was insufficient evidence to establish its location or value. Wife appealed.

## Sufficiency of the Evidence

Wife contends that the trial court erred by failing to find that there was sufficient evidence to determine the value or location of the jewelry. We disagree. The trial court is not required to make a factual determination if it finds that neither party has presented sufficient evidence to support its position by a preponderance of the evidence.

Under Virginia law, the burden to prove value rests with the parties.

> Virginia's statute "mandates" that trial courts determine the ownership and value of all real and personal property of the

2

> parties.  But, consistent with established
> Virginia jurisprudence, the litigants have
> the burden to present evidence sufficient for
> the court to discharge its duty.  When the
> party with the burden of proof on an issue
> fails for lack of proof, he cannot prevail on
> that question.  "[T]he burden is always on
> the parties to present sufficient evidence to
> provide the basis on which a proper
> determination can be made, and the trial
> court in order to comply . . . must have the
> evidence before it . . . to grant or deny a
> monetary award."

Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987)
(citation omitted).

Both parties presented evidence concerning the jewelry and
its value.  To support her claim, wife presented a proof of loss
appraisal listing twenty-two pieces of jewelry valued at
$166,675.  The valuation was done based upon photographs and
wife's estimate of weight.  The court found that several pieces
were described twice, reducing the total value to $154,225.
Husband also presented an appraisal, based upon photographs and
descriptions, of eighteen items.  The court noted that the
"descriptions of the pieces of jewelry listed in [husband's]
Appraisals are almost identical to those in the [wife's] proof of
loss except for weight, in some cases."  Husband's appraisal
valued the eighteen pieces of jewelry between $23,040 and
$24,940.

Neither appraiser saw nor held the jewelry.  Wife's expert
testified that he had done "a few dozen" estimates using Indian
jewelry, that there was little call for this type of jewelry in

3

his business, and that he used "the value that a customer would pay to have it replaced or buy it in a show case." Husband's expert testified that he gave the fair market value, which he defined as "a price level that is obtained between a willing buyer and a willing seller, with neither under any compulsion to have to buy or sell, and both buys [sic] with all pertinent facts." Husband's expert distinguished that value from the replacement value for an insurance client.

The trial court was entitled to determine whether either party presented sufficient credible evidence for it to determine the value of the missing jewelry. Based upon this record, we cannot say that the trial court erred by refusing to assign a value to the missing jewelry when neither party established a specific value by a preponderance of the evidence.

Similarly, neither party established the location of the missing jewelry. Wife testified that she discovered some pieces of jewelry were missing between January and March 1995. She claimed that other pieces were in the possession of husband's family. The trial court did not accept wife's testimony that husband's parents possessed the jewelry after she left the marital residence. His parents testified and denied ever possessing wife's jewelry. On review, we cannot say that the trial court erred by finding the evidence insufficient to establish the jewelry's whereabouts.

### Ownership of Kundan Set

Wife also contends that the trial court erred when it ruled that a particular kundan belonged to husband's sister. We disagree. Wife introduced a photograph showing the sister wearing a kundan set wife claimed was hers. The sister testified at trial and brought the kundan set, and a receipt for its purchase, to court. The sister testified that the set she wore in the photograph was given to her by her husband. She denied giving the set to wife. The trial court was able to view the evidence and observe the witnesses. Because credible evidence supports the trial court's finding, we will not set aside its determination.

## Attorney's Fees and Costs

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). In this case, both parties incurred attorney's fees through hearings which extended over three additional days. We cannot say that the trial judge abused his discretion by failing to make an award to wife.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.