COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ARTHUR J. LEHNER

                                      MEMORANDUM OPINION*
v.    Record No. 1445-98-2              PER CURIAM
                                        MAY 18, 1999
MARY ELIZABETH HAILEY SAUNDERS LEHNER


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

              (McClanahan Ingles; Martin, Ingles & Ingles,
              on brief), for appellant.

              No brief for appellee.


         Arthur J. Lehner (husband) appeals the equitable

distribution judgment awarding certain property to Mary

Elizabeth Hailey Saunders Lehner (wife).  Husband contends that

the trial court erred:  (1) by failing to make a finding

regarding marital debt; (2) by awarding wife one-half of the

marital share of husband's individual retirement account (IRA)

when evidence indicated that funds were withdrawn and applied to

pay marital debt; (3) by failing to find that husband paid

marital debt from his separate assets and failing to credit

husband for payment of $47,250 of marital debt; and (4) by

deviating from husband's proposed findings of fact and

conclusions of law by awarding wife one-half of the marital

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

share of husband's IRA and one-half of the marital share of husband's retirement plan. Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the judgment of the trial court. See Rule 5A:27.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989). "The burden is upon the appellant to provide us with a record which substantiates the claim of error." Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

The record on review includes depositions, stipulations, and a Statement of Facts, Testimony and Other Incidents of the Case. No hearing transcripts are included in the record.

Husband submitted a Memorandum and Proposed Findings of Fact and Conclusions of Law to the trial court prior to the entry of the final decree of divorce. Among the proposed

-

findings of fact relevant to the issues raised on appeal were the following:

> 3.  The parties' marital debt payments were made by [husband] and are identified on Exhibits 7 and 8.
>
> 4.  [Husband] made substantial additional payments from his separately owned assets toward payment of the parties' marital debt.

In addition, husband asked the trial court to reach the following conclusions of law in connection with the equitable distribution of the parties' assets:

> 3.  Pursuant to VA Code Ann. § 20-107.3 the Court order:
>
> a.  [Wife] convey her interest in the parties' real estate in Remlik, Virginia to [husband], subject to his express promise to assume, pay when due, and hold [wife] harmless from the mortgage indebtedness thereon in favor of Southside Bank of Urbanna.
>
> b.  That [husband] be granted as his separate property his tools, 19" Emerson T.V., Emerson VCR, Marine Salvage Consultants business and the 1979 Ford F-350 he presently possesses.
>
> c.  That [wife] not be entitled to any interest in [husband's] pension through the Philip Morris Retirement Plan.
>
> d.  That [wife] be granted as her separate property the 1986 Chrysler, 1988 Suzuki, 1987 Lincoln and house contents from Twain Court she presently possesses.

Following the submission of this memorandum, the parties stipulated that the marital share of husband's NationsBank IRA was $30,750 on July 1, 1994.  They also stipulated that a fifty percent portion of the marital share of husband's Philip Morris retirement plan was $338.21 per month, after taxes.  In a letter

-

opinion issued October 14, 1997, the trial court indicated it would "grant the Final Decree as originally prepared by [husband]," but award wife $30,750 as her share of husband's IRA. Husband filed a Motion to Rehear, challenging the court's proposed award, and stating, "WHEREFORE, the [husband] prays that this Court modify its ruling by awarding [wife] $15,375.00 of the [husband's] profit sharing account."

The trial court entered the final decree on June 1, 1998. In the final decree, the trial court found that husband's Exhibit 11 "accurately describes the parties' marital assets remaining subject to equitable distribution," and adopted husband's proposed findings of fact and conclusions of law. However, the trial court awarded wife a share of husband's Philip Morris retirement plan and one-half of the marital share of his IRA, as set out in the parties' stipulations. Husband executed the decree with the objection "Seen and objected to as the [husband] proved by the evidence presented that the marital share of the Nationsbank individual retirement plan account was used to pay marital debt."

## Finding Regarding Marital Debt

The parties presented evidence concerning marital assets and debts. Husband contended that he used separate property to pay off marital debt incurred as a result of the operation and failure of a convenience store. Wife contended that, while

-

husband spent certain funds on the convenience store after the parties separated, he was not able to prove his alleged losses. Evidence established that the parties were joint defendants in ongoing litigation concerning the failed convenience store.

While husband listed funds from which he withdrew money, he failed to calculate the value of the outstanding marital debt for which the trial court denied him credit. He failed to trace his withdrawals to his alleged losses or to account for amounts received from insurance or other credits.

> [L]itigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question. "The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made . . . ."

Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (citation omitted). The trial court was not required to make a finding as to marital debt if husband failed to prove his claims. We cannot say that the trial court erred by failing to make such a finding concerning marital debt.

### Award to Wife of IRA

In his Motion to Rehear, husband asked the trial court to "modify its ruling by awarding [wife] $15,375.00 of the [husband's] profit sharing account." The court awarded wife this amount, "less any taxes, penalties or fees associated with

-

any distribution to the [wife]."  Having received what he sought, husband cannot now complain that the trial court erred in granting his request.

### Credit to Husband for Marital Debt

Husband contends that the trial court erred by failing to ascertain the amount of marital debt.  In his proposed findings of fact, husband identified no amount of marital debt for which he sought credit.  He listed sources of funds from which he made withdrawals, but failed to trace with specificity his marital debt claims.  The trial court was not required to ascertain an amount not ascertainable by the evidence.  See id.

### Adoption of Husband's Proposed Findings of Fact

Husband contends that the trial court, having adopted his proposed findings of fact and conclusions of law, erred by entering an order awarding wife a share of his IRA and pension plan despite his payment of marital debt.  For the reasons previously stated, this contention lacks merit.  Moreover, husband preserved for appeal no objection to wife's award from the marital share of his pension.  See Rule 5A:18.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

-