COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


RONALD G. REESE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2564-00-2      JUDGE RUDOLPH BUMGARDNER, III
                                         JULY 31, 2001
DAVIDINA T. REESE


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        William R. Shelton, Judge

            Susanne L. Shilling (Shilling & Associates,
            on briefs), for appellant.

            Edward D. Barnes (Ann Brakke Campfield;
            Barnes & Batzli, P.C., on brief), for
            appellee.


     Ronald G. Reese and Davidina T. Reese appeal a final decree

of divorce entered October 10, 2000.  The husband states his

main issue as several varied questions presented, but as he

states in his brief, the "heart" of each complaint is the single

contention that the trial court erred by delaying its final

decision.  He also contends the court erred in offsetting

support arrearages against his distribution of the marital

estate, in not updating the value of the wife's profit sharing

plan, in awarding certain personal property to the wife, and in

assessing attorney's fees against him.  The wife contends the

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

trial court erred in not ruling the husband committed waste by dissipating the equity in a residential property.  For the following reasons, we affirm.

The parties married November 15, 1985, and had two children.  They separated January 2, 1998, and the wife filed for divorce on January 23, 1998.  The parties agreed to a consent order pendente lite by which the husband paid unitary support of $350 per week and maintained health insurance for the wife and children.  The consent order enjoined the sale, pledge, or dissipation of any marital asset.  As early as June 1998, compliance became a problem and the source of constant and persistent litigation.

The husband contracted with the wife to buy the marital home, but he had no collateral for a home loan.  The wife insisted the husband have a loan commitment before she would vacate the residence.  From October to December 1998, the parties litigated issues arising from the husband's efforts to complete the purchase.  Eventually, the wife learned the husband had improperly pledged marital assets to obtain financing, and she filed a motion to void the sale.  In subsequent pleadings, the wife alleged the husband pledged the marital home for a loan, reactivated a line of credit on the home, withdrew funds from a joint banking account, and failed to maintain health insurance or stay current in support payments.  By order dated January 19, 1999, the trial court addressed the issues of the

-

sale of the marital residence and ordered the husband to comply with discovery requests.

In March 1999, the parties jointly moved to proceed with equitable distribution by memoranda in lieu of an oral presentation.  Pursuant to a consent scheduling order, the parties filed all depositions, exhibits, and memoranda April 30, 1999.  However, the husband's non-compliance with the consent order continued to generate litigation.  Just before a contempt hearing April 30, 1999, the husband deposited a check in the wife's account to eliminate accrued arrearages, but the check was dishonored shortly after the hearing.  At a subsequent hearing July 21, 1999, the trial court found the husband in contempt but gave him time to purge his contempt.  The day before the review hearing, new counsel, the husband's third, appeared and asked for a continuance.  The husband moved for additional continuances in September and December.

Throughout that fall and winter the parties litigated payment of arrearages.  On October 27, 1999, the trial court sentenced the husband to 60 days for contempt suspended on the condition that he pay $700 per month.  From that point, the husband only paid the minimum necessary to stay out of jail, which was half the amount due.

By May 2000, the wife asserted arrearages for support of $18,056.13 and for health insurance of $6,332.75.  In an effort to resolve the matter, the trial court set a firm date to hear

-

all remaining issues.  The judge distinctly and explicitly advised the parties and counsel that the date was the final date for hearing the case.  He directed the parties to complete or update any depositions they wished the trial court to consider and to prepare and present any other evidence on July 31, 2000.  The trial court held the hearing as scheduled and issued a letter opinion August 3, 2000.

The husband contends the trial court "perpetrated a grave injustice" by "failing to render an opinion or even to understand the status of the case" between January 1999 and August 2000.  He maintains failure to render a decision allowed the arrearages to escalate to the point the husband received nothing through equitable distribution.  The extensive record does not reflect dereliction by the trial court.  The trial court did not neglect this file, and the parties were constantly before the trial court.

The husband cannot complain the arrearages grew when they grew because he adamantly refused to pay despite numerous efforts to force compliance.  Until modified or terminated, a party must comply with the support obligations in accordance with the terms of the court's decree.  Richardson v. Moore, 217 Va. 422, 424, 229 S.E.2d 864, 866 (1976); Newton v. Newton, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961).  The husband's remedy was to petition for a modification of support.  Newton, 202 Va. at 519, 118 S.E.2d at 659.

The record shows that the husband delayed resolution of the main issues in this divorce by changing jobs, not paying support, not being forthcoming about his financial condition, changing attorneys, requesting continuances, and by filing numerous motions himself. During it all, he never justified his failure to provide support nor justified a reduction. We find no error in the trial court's assessing an arrearage for the husband's noncompliance. In addition, we find no error in the trial court's offsetting the arrearages against the husband's share of the marital estate. The husband permitted the arrearages to accrue. He resisted all efforts to get him to comply, and nothing suggests he would pay the sum now without court action. Having permitted the arrearages to grow, the husband cannot complain that the court enforces the wife's right to receive the sum he owes.

The husband contends the trial court erred in failing to permit him to update the value of the wife's 401K pension plan. The trial court made abundantly clear that July 31, 2000 was the final date for presenting evidence. The husband did not offer to update the value of the 401K plan until one month after the final hearing. The court must be able to set a date for bringing finality to equitable distribution cases. "Parties should not be allowed to benefit on review for their failure to introduce evidence [in a timely manner] . . . . At some point we must 'ring the curtain down.'" <u>Bowers v. Bowers</u>, 4 Va. App.

-

610, 617-18, 359 S.E.2d 546, 550 (1987) (citation omitted).  The husband was given an adequate opportunity to present the evidence and failed to do so.  The trial court did not err in refusing to allow the husband to reopen the proceedings to update the value of the wife's 401K plan.

The husband contends the trial court erred in classifying as marital property items that were his separate property.  While the trial court cannot arbitrarily reject evidence regarding classification of property, the husband has the burden to rebut the wife's evidence that the property was marital.  Id. at 618, 359 S.E.2d at 550.  The husband failed to produce evidence to do so, and the evidence presented supported the trial court's findings.  We find no error in the classification of the personal property.

We find no error in the trial court's assessing attorney's fees against the husband.  The trial court has broad discretion to award attorney's fees.  The husband repeatedly refused to satisfy his support obligation, was less than forthright in divulging information about his ability to purchase the marital residence, and caused delays by twice changing counsel.  The wife was "forced to employ attorneys to establish and enforce her rights which were resisted by her former husband throughout this extensive litigation.  Her legal expense is attributable to his recalcitrance."  Alig v. Alig, 220 Va. 80, 86, 255 S.E.2d 494, 498 (1979).

-

The wife contends the trial court erred in not finding the husband dissipated the equity in a residence that the husband had built as a speculative investment. The husband lived in it for several months during the litigation but did not make mortgage payments after August 1998. The lender foreclosed, and the sale resulted in a deficiency. The wife contends the house had an equity of $54,000, which was the difference between the value of the house and the amount of the mortgage at foreclosure.

To establish the value of the house before foreclosure, the wife points to the husband's testimony. At one point in cross-examination, the husband indicated the house had a fair market value of $221,000. However, at other times he assigned other values. The estimate of $221,000 came from the value assigned on a bank loan application. The record does not reflect any expert testimony of the value or of any stipulation of the value.

While an owner's opinion of value is admissible, it is not conclusive proof, and the trial judge still must assign weight to it. "'The Owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury, and courts have usually made no objections to this policy.'" Haynes v. Glenn, 197 Va. 746, 751, 91 S.E.2d 433, 436 (1956) (quoting 3 Wigmore

-

on Evidence § 716, 48 (3d ed. 1940)).  We cannot say the trial court erred in not accepting the evidence presented as sufficient to prove the wife's allegation of dissipation or waste.  "When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question." Bowers, 4 Va. App. at 617, 359 S.E.2d at 548 (retirement plan).

For the reasons stated, we affirm the trial court.

Affirmed.