COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


SHARON YVONNE HOLOHAN

                                               MEMORANDUM OPINION* BY
v.        Record No. 1387-03-4                 JUDGE WALTER S. FELTON, JR.
                                                     MARCH 23, 2004
JOHN JOSEPH HOLOHAN, JR.


               FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                           LeRoy F. Millette, Jr., Judge

          (Paul A. Morrison; Howard, Morrison & Howard, on briefs), for
          appellant.  Appellant submitting on briefs.

          Sandra A. Glenney (Stock, King & Glenney, on brief), for appellee.


     Sharon Yvonne Holohan (wife) appeals the judgment of the trial court establishing the

amount of her spousal support; "imputing" certain rental income to her in determining child

support; and in not awarding her attorney's fees.  Finding no error, we affirm.

                                      BACKGROUND

     "'Under familiar principles we view [the] evidence and all reasonable inferences in the

light most favorable to the prevailing party below.  Where, as here, the court hears the evidence

*ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly

wrong or without evidence to support it.'"  Pommerenke v. Pommerenke, 7 Va. App. 241, 244,

372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania Dep't of Soc. Servs., 3 Va. App. 15,

20, 348 S.E.2d 13, 16 (1986)).

_____

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 19, 1978 in Prince William County, Virginia. Three children were born of the marriage. At the time of these proceedings in the trial court, one child was emancipated. A second child was over eighteen but was diagnosed with cerebral palsy and required continuing care and support. The third child was under the age of eighteen. At the time of the divorce, husband was employed as a building engineer, at a salary of $27.92 an hour, or approximately $5,628 a month. Wife was employed as a salaried teacher by Meadowbrook Child Development Center, a daycare provider, earning a salary of $350 a week. She was also a business partner, together with her mother and sister, in the same child development center.

On December 26, 1998, the parties separated. Some three years later, on November 6, 2001, wife filed a bill of complaint seeking a divorce pursuant to Code § 20-91(A)(9), based on the parties residing separately and apart without any cohabitation or any interruption for more than a year. She also sought a determination of legal title of all the parties' property; an equitable distribution award; a determination on custody and visitation; child and spousal support; and an award of attorney's fees.

On August 16, 2002, the trial court entered a final decree of divorce dissolving the marriage, and reserving the issues of support and property distribution for a later proceeding.

Prior to the trial court's hearing on the reserved issues, the parties entered into a written settlement agreement dividing their marital assets. As part of the agreement, husband received the parties' townhouse located in Marshall, Virginia. Wife received the marital residence, located on six acres of land in Prince William County, referred to as the Broad Run property. Wife also received the parties' townhouse located in Burke, Virginia. At wife's request, the Burke property was conveyed jointly to wife and her mother. During the marriage, the parties received approximately $800 a month in rent from the Burke property. After the parties deeded the property to wife and her mother, wife gave the monthly rental income to her mother.

On February 11, 2003, the trial court conducted an *ore tenus* hearing on the issues of child support and visitation, spousal support, and attorney's fees. Because distribution of the marital assets had been accomplished by the parties' earlier agreement, no issue of equitable distribution was before the trial court. In determining the questions of spousal and child support and attorney's fees, the trial court considered the assets of the parties, including their agreed division of the marital property.

Husband presented evidence from a real estate appraiser to establish the values for the Broad Run and the Marshall properties. Neither party presented evidence concerning debt or other encumbrances against the properties, nor did either present the equity value of any of the properties. The trial court determined the property values based solely on the information provided by the parties. In noting the absence of equity values for the subject properties, the trial court commented:

> [A]lthough I have not heard testimony that I think I should have heard about the equity of the properties, I can glean from what I learned about when they were purchased and the fact that at least one was paid off at some point in time and - one's a townhouse and one is on six acres of land, that there's substantially more equity in the properties Mrs. Holohan received than in the property that Mr. Holohan received.

On August 28, 2003, the trial court entered its final order concerning spousal and child support, and attorney's fees. In awarding spousal support to wife, the trial court specifically noted that it had considered the factors of Code § 20-107.1(E), the wife's need for support, the discrepancy in the parties' income, and the duration of the marriage. Additionally, the trial court stated that it had considered the parties' property interests pursuant to Code § 20-107.1(E)(7). It awarded wife spousal support of $400 per month.

The trial court did not consider the rental income from the Burke property in determining spousal support. It did, however, consider the rental income from that property in determining

wife's request for child support. It set child support at $750 per month for the two children remaining in the home, and declined to award either party attorney's fees.

ANALYSIS

A. SPOUSAL SUPPORT

In determining the amount of a spousal support award, the trial court must consider all of the factors set forth in Code § 20-107.1(E). Stubblebine v. Stubblebine, 22 Va. App. 703, 707, 473 S.E.2d 72, 74 (1996) (*en banc*) (citation omitted). The trial court "must consider each spouse's current circumstances," including his and her earning capacity, obligations, needs, financial resources, property interests, education, training, age, physical and mental condition, and award of equitable distribution. See id. at 710-11, 473 S.E.2d at 75; Code § 20-107.1(E). The court must also consider the duration of the marriage, the standard of living established during the marriage, and each party's contributions to the well being of the family. See Code § 20-107.1(E).

Wife contends that the trial court erred in determining the amount of spousal support it awarded to her. She argues that the award was improperly based on the trial court's estimation of the equity values in the properties each party received in their agreed distribution of the marital assets.

The burden of producing evidence from which a trial court must make its award of spousal support falls on the party seeking it. See Bowers v. Bowers, 4 Va. App. 610, 359 S.E.2d 546 (1987). Assuming without deciding that, as wife claims, the evidence does not support the trial court's award, we must affirm because wife bore the burden of producing such evidence. Having failed to produce sufficient evidence at trial, wife will not be heard on appeal to claim that the trial court erred in its award of spousal support on the ground that the evidence was insufficient. See Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) ("A

- 4 -

party may not invite error and subsequently raise that error as grounds for appeal."); see also

Bowers, 4 Va. App. at 617, 359 S.E.2d at 550 ("When a party with the burden of proof on an

issue fails for lack of proof, he cannot prevail on that question.").

### B. "IMPUTING" RENTAL INCOME TO WIFE

Wife contends that the trial court erred when it "imputed" rental income to her from the

Burke property in its determination of child support. She argues only that the trial court lacked

sufficient evidence to support its decision to "impute income."

In her opening brief, as well as in her reply brief, wife provides no legal authority to

support her position that the trial court erroneously "imputed" income from a rental property to

her in establishing the amount of child support. She simply argues that because she transferred

part of the property interest to her mother, she no longer had a right to the rental income.

Acknowledging that wife's mother received the monthly rental income, the trial court

nevertheless considered the rental income as belonging to wife, concluding that her giving the

rental income to her mother was voluntary and not legally compelled.

Because wife presented no legal authority on appeal that she was legally obligated to

assign the rental income to her mother and that the trial court erroneously considered that income

in establishing child support, we will not consider it on appeal. Rule 5A:20(e).

Based on the record before us, we conclude that the trial court did not err in its

determination of child support.

### C. ATTORNEY'S FEES

Wife contends the trial court erred in not awarding her attorney's fees. She argues that

awards of attorney's fees "go hand in hand with spousal support cases."

This argument, however, was not raised before the trial court. Wife failed to object when

given the opportunity to do so at the February 11, 2003 hearing, when the trial court made its

ruling on the issue. Wife also failed to note an objection to the trial court's failure to award her attorney's fees in its April 28, 2003 final support order. While noting her objections to the trial court's "imputation" of the rental income to her, and to the amount of her spousal support award, wife makes no reference or objection to the trial court's decision not to award her attorney's fees.

We will not consider these arguments for the first time on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The purpose of Rule 5A:18 is to ensure that the trial court and the opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Accordingly, Rule 5A:18 bars our consideration of this assignment of error on appeal and we find no reason in the record to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

CONCLUSION

Finding that the trial court did not err in the amount of its award of spousal support to wife, in determining the child support award, and in its denial of attorney's fees to wife, we affirm the judgment of the trial court.

Affirmed.