COURT OF APPEALS OF VIRGINIA

Present:    Judge McClanahan, Senior Judges Coleman and Annunziata


JUNIUS NELSON, JR.
                                                    MEMORANDUM OPINION[*]
v.      Record No. 0830-05-2                              PER CURIAM
                                                     DECEMBER 13, 2005
GENOVEVE HINES NELSON


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

(Robert D. Jacobs, on brief), for appellant.

No brief for appellee.


        Junius Nelson, Jr. (husband) appeals from the final decree of divorce dated March 4,

2005, granting Genoveve Hines Nelson (wife) a divorce.  On appeal, husband contends the trial

court erred in (1) sustaining wife's objections to his attempt to introduce certain equitable

distribution evidence, and (2) failing to consider wife's 401-k and pension plans in its equitable

distribution determination.  Upon reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.


                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

────────────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 5, 1995 and separated on September 21, 2001. Wife filed a bill of complaint seeking a divorce from husband on July 18, 2002. On June 30, 2004, the trial court entered a detailed domestic relations pretrial order governing all aspects of discovery. The record reveals wife complied with all the terms of the pretrial order and that husband failed to abide by the terms of the order.

On October 12, 2004, the trial court conducted the prescheduled equitable distribution hearing. During the hearing, wife introduced exhibits previously submitted to husband's counsel pursuant to the pretrial order. Husband attempted to introduce certain exhibits which he had not earlier presented to wife, as required by the pretrial order. The court sustained wife's objection to the introduction of the evidence because of husband's failure to comply with the order.

Thereafter, husband obtained new counsel and filed a motion for a rehearing, asking that he be permitted to introduce the refused evidence. In its January 21, 2005 opinion letter, the trial court denied the motion, and set forth the division of the parties' property.

ANALYSIS

I.

Appellant concedes he failed to comply with the disclosure requirements set forth in the pretrial order. The order provides the "[f]ailure to comply with any provisions of this Order by any party may result in an award of attorney fees and any other appropriate sanction."

Relying solely on Bowers v. Bowers, 4 Va. App. 610, 359 S.E.2d 546 (1987), appellant asserts a trial court "may not refuse or fail to give parties a reasonable opportunity to develop and present evidence of value in an equitable distribution hearing."

In Bowers, this Court held that

> Virginia's trial courts may, without doing violence to the
> [equitable distribution] statute, make a monetary award without
> giving consideration to the . . . valuation of every item of property,
> where the parties have been given a reasonable opportunity to

provide the necessary evidence to prove . . . valuation but through their lack of diligence have failed to do so.

Id. at 618, 359 S.E.2d at 551.

In this case, husband was clearly afforded a reasonable opportunity to provide the necessary evidence. However, husband squandered that opportunity by refusing to comply with the court's pretrial order. Through his lack of diligence, husband failed to provide the evidence in question. We find no abuse of discretion in the trial court's decision to sustain wife's objection to the introduction of the evidence or in its denial of husband's reconsideration motion.

## II.

Husband argues the trial court "erred in failing to consider and address [wife's] 401-k and pension plans . . . in making its equitable distribution determination."

As noted above, husband failed to comply with the court's pretrial order. Appellant acknowledges the trial court had the "discretion to reopen the hearing for consideration of evidence . . . ." However, he does not demonstrate that the court abused its discretion by denying his motion for a rehearing. Indeed, as explained above, husband was provided ample opportunity to provide the evidence he now claims the court should have considered. The court permissibly made its award without considering the evidence in question. See id.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.