PRESENT:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, Senior Justice

JAMES E. HARDY, ET AL.

                                              OPINION BY
v.  RECORD NO. 980407          SENIOR JUSTICE HENRY H. WHITING
                                            January 8, 1999
BOARD OF ZONING APPEALS
OF POWHATAN COUNTY


                FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                        Thomas V. Warren, Judge

        Here, we decide whether a board of zoning appeals decision

that construed a term in a zoning ordinance became moot upon a

general amendment of the ordinance eliminating the construed

term.[1]

        Robert A. Shortridge, Sr. owns a 56.7 acre parcel in

Powhatan County located on Judes Ferry Road (the Judes Ferry

Property).  The Judes Ferry Property lies in a portion of the

county zoned as an Agricultural District (A-1).  In 1990, the

Powhatan County Board of Supervisors granted Shortridge a one-

year Conditional Use Permit to operate a portable sawmill on the

property.  The permit was renewed for a five-year period in 1991.

        Just after his permit expired in June 1996, Shortridge

requested that the zoning administrator construe the term

"lumbering" as used in the zoning ordinance to include his

_____

[1] Even though a part of the amendment was shown to the court at
oral argument, it was not introduced or marked as an exhibit as
required by Rule 5:10, and therefore, it is not a part of the
record.  See Old Dominion Iron and Steel Corp. v. Virginia
Electric and Power Co., 215 Va. 658, 660, 212 S.E.2d 715, 717-18
(1975) (applying the predecessor to Rule 5:10).  Nevertheless, as

sawmill activities.  Such a construction would have rendered Shortridge's use a permitted use in the A-1 district, obviating the need for a conditional use permit.[2]  The administrator denied the request because she concluded that Shortridge's activities, cutting and sawing logs from sites other than the Judes Ferry Property, were not lumbering since lumbering was "the business of cutting or getting timber or logs from the forest for lumber."

Shortridge appealed the denial to the Board of Zoning Appeals (the BZA).  In October, 1996, the BZA reversed the decision of the zoning administrator.  It "rule[d] that what Mr. Shortridge is doing on his property is within the meaning of the term lumbering as it is used in the Powhatan County Zoning Ordinance today."  On November 8, 1996, James E. Hardy and Adrienne Hardy, owners of property adjoining the Judes Ferry Property, petitioned the Circuit Court for a Writ of Certiorari to review the BZA's decision.

Ten days later, the Board of Supervisors amended the zoning ordinance.  Lumbering was deleted as a permitted use.  Article 5.2(5) created a new permitted use in the A-1 district which it described as "[t]imber harvesting which may include sawmill(s) used only for cutting timber harvested on site."  In addition, Article 5.3 listed "sawmill[s]" as a conditional use in the A-1 district.

---

authorized by Code § 8.01-386, we take judicial notice of the contents of both zoning ordinances.

Upon the BZA's return of its records in response to the writ of certiorari, Shortridge filed a petition to intervene in the case and the BZA filed a response to the Hardys' petition. A short time later, the BZA filed a "Motion to Dismiss for Mootness." Noting the above amendments to the uses permitted in the A-1 zone, the BZA's motion asserted that there was nothing further for the court to adjudicate, that the case should be dismissed as moot because the term "lumbering" had been eliminated from the ordinance, and that "Shortridge's activities now must contend with some form of non-conforming use status." The Hardys opposed the motion on the ground that Shortridge's continued operations as a nonconforming use depended upon the correctness of the BZA's construction of the former ordinance, an issue still to be determined in this case.

Before considering either Shortridge's motion to intervene in the case or the Hardys' motion to take additional evidence in support of their claim, the court heard argument on and sustained the BZA's motion to dismiss. The Hardys appeal the consequent dismissal of their case as moot.

As the Hardys note, the correctness of the BZA's construction of the former ordinance will determine the Hardys' right to complain of Shortridge's continued operations on the Judes Ferry Property. If the BZA was in error, Shortridge's activities would not have been a lawful use of the property under

2 Two years earlier, Shortridge made the same request to the

3

the former ordinance and thus could not have created a right to continue those activities as a nonconforming use under the new ordinance.  "A nonconforming use may not be established through a use of land which was commenced or maintained in violation of a zoning ordinance." 1 Robert Anderson, Anderson's Law of Zoning § 6.14, pp. 517-18 (Kenneth H. Young revisor, 4th ed. 1996)  We have referred to a nonconforming use as "a lawful use existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance."  Knowlton v. Browning-Ferris Indus. of Va., Inc.,  220 Va. 571, 572 n. 1, 260 S.E.2d 232, 234 n. 1 (1979); C. & C. Inc. v. Semple, 207 Va. 438, 439 n. 1, 150 S.E.2d 536, 537 n. 1 (1966) (both quoting 2 Yokley, Zoning Law and Practice § 16-2, at 212 (3rd ed. 1965) (emphasis added).

On the other hand, the BZA now recognizes that if it was correct in its interpretation of "lumbering" under the old ordinance, "the Hardys are stuck with Shortridge as a non-conforming use."  Article 32.4 of the amended ordinance preserves any right Shortridge had at the time of amendment to continue his operation as a nonconforming use.[3]

Further, the BZA suggests: (1) that "[t]here is not much likelihood that the trial court will overturn the BZA, given the

administrator.  It is not material in this appeal.
[3] Article 32.4 provides, in pertinent part:  "If lawful use involving. . . [a] structure and premises in combination with a replacement cost of $1,000 or more, exists at the effective date

4

governing standard of review"; (2) that if the trial court determines that the BZA was wrong in its interpretation, Shortridge might ask the Board of Supervisors for a conditional use permit and his "chances of prevailing there appear excellent"; and (3) that even if the courts ultimately hold that Shortridge cannot conduct his activities under the amended zoning ordinance, the issue "will ultimately be resolved by a board of supervisors adoption of ordinance revisions."

Even if the BZA's predictions have any validity, these predictions do not determine whether this case is moot.[4]  That determination depends upon whether the circuit court was asked to decide "actual controversies injuriously affecting the rights of some party to the litigation."  Hallmark Personnel Agency, Inc. v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967).  Here, as noted, both the Hardys' success in causing the termination of Shortridge's activities or Shortridge's right to continue those activities, depend upon the correctness of the BZA's ruling.  For these reasons, we conclude that the court erred in dismissing the matter as moot before taking the further action required under Code § 15.1-497 (now Code § 15.2-2314).

---

of adoption or amendment of the Ordinance, the lawful use may be continued so long as it remains otherwise lawful."
[4] In the BZA's only supporting citation for the consideration of its predictions, the mootness issue involved prospective uses of land.  Johansen v. City of Bartlesville, Okl., 862 F.2d 1423, 1425-27 (10th Cir. 1988).  Note that these were not existing, continuing, and, arguably, nonconforming uses, as in this case.

Accordingly, we will reverse the judgment of the court and remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.