# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Curtis Moore
and Racine Moore

v.

Zoning Appeals Board
of Spotsylvania County

August 13, 1999

Case No. CL99-234

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this zoning case, the Board of Zoning Appeals (BZA) has moved to dismiss the petition for writ of certiorari on the ground that the case is moot because of an intervening amendment to the Spotsylvania County Zoning Ordinance.

*Facts*

Pertinent to the motion, the facts are not disputed.

The Moores applied for a permit to operate a tatoo parlor in Snellings Convenience Center on Route 1 in Spotsylvania County. The property is located in a C-3 zoning district. Certain specified commercial enterprises are permitted in a C-3 district, including "personal service establishments" as defined in § 23-2.1.4 of the Ordinance.

The zoning administrator denied the application on the ground that a tatoo parlor is not a "personal service establishment" and thus is not a permitted use in a C-3 district.

The Moores appealed the zoning administrator's decision to the BZA. The BZA held a public hearing on April 19, 1999, and upheld the zoning administrator's denial on May 17, 1999.

On June 15, 1999, the Moores filed a petition for writ of certiorari. The court issued the writ, and the BZA made its return.

On July 13, 1999, the Board of Supervisors amended the Zoning Ordinance to add a definition of "tatoo parlor" and to permit tatoo parlors in C-3 districts but only by special use permit from the Board of Supervisors.

The BZA filed its motion to dismiss for mootness. Arguments were heard on August 2, 1999, and the matter was taken under advisement.

### Decision

Under settled rules of construction, the new law, not the former, governs the proceedings. That rule applies to zoning applications. *Chesterfield Civic Ass'n v. B.Z.A.*, 215 Va. 399 (1974). As discussed in the BZA's memorandum, the rule also applies to zoning appeals, so that the reviewing court's decision is controlled by the amended zoning law unless a vested right has accrued under the prior ordinance.

In this case, the Moores have acquired no vested rights under the prior Ordinance.

Vested rights are defined in Virginia Code § 15.2-2307. In order for a landowner's rights to be deemed vested in a land use so that the use is not affected by a subsequent amendment to zoning law, there must be a "significant affirmative governmental act." Further, the landowner must rely on that act, and the landowner must incur "extensive obligations" or "substantial expenses" in reliance on the act. Certain specific governmental acts are deemed to be "significant affirmative governmental acts."

Here, the Moores have done no more than apply for a permit. There has been *no* governmental act, much less a "significant affirmative governmental act," upon which the Moores can rely because the application was denied. They could not have incurred obligations and expenses in reliance on anything that the County did because the County has done nothing but deny the application.

*Hardy v. B.Z.A.*, 257 Va. 232 (1999), is inapposite. There, the landowner operated an established "lumbering" business and obtained the BZA's approval to include sawmill activities in that business. The BZA construed the ordinance so that the definition of lumbering included sawmilling. An aggrieved neighbor appealed to circuit court. While the case was pending, the county amended its zoning ordinance to delete lumbering as a permitted use and to allow sawmills as a conditional use. The Supreme Court held that the amendment did not moot the appeal because it was still incumbent upon the circuit court to construe the prior ordinance. That was so because the landowner had an established business; and if the BZA's construction of the

prior ordinance was correct, the landowner had a vested right by way of a lawful nonconforming use, which could not be impaired by the amendment. Here, the Moores have no nonconforming use.

Next, the Moores argue that the motion should be denied because the new ordinance has no relevance to the case. This case, they say, involves the correctness of the BZA's interpretation of the term "personal service establishment," and the amendment does not affect that definitional term or the need for the court to construe it.

The court disagrees. The amendment specifically defines tatoo parlors and allows them in C-3 districts by special use permit. It is elementary that specific provisions of law control general ones. If tatoo parlors are defined separately and specifically and require a special use permit, it is obvious that tatoo parlors are not now within the broader definition of "personal service establishment" which would be permitted without the requirement of a special use permit.

## Conclusion

For the reasons explained, the court is of the opinion that the intervening amendment to the Spotsylvania County Zoning Ordinance renders this case moot, and the motion to dismiss will be granted.