## CIRCUIT COURT OF ROANOKE COUNTY

David Runion
and Dorothy Runion et al.

v.

Roanoke County
Board of Supervisors
and Cotton Hill Land Co., L.C.

August 25, 2003

Case No. CH03-296

BY JUDGE ROBERT P. DOHERTY, JR.

The Plaintiffs, who are citizens of Roanoke County residing near the Blue Ridge Parkway, filed a Bill of Complaint for Declaratory Judgment and Injunctive Relief. They alleged that the decision of the County Board of Supervisors to rezone $22^+$ acres of land near them so that a more densely populated residential subdivision can be built is unlawful and therefore void. Defendant Board of Supervisors denied the allegations and filed a motion to add as a necessary party the landowner whose property was rezoned. Cotton Hill Land Company, L.C., the landowner, filed a petition to intervene. The Plaintiffs object to the landowner's being made a party to this case, arguing that, because the Plaintiffs' claim deals only with the limited issue of the correctness of the decision-making process followed by the Board of Supervisors, rather than the substantive aspects of the rezoning: (1) the landowner is not a necessary party; (2) the landowner cannot aid the Court in deciding the narrow issue presented; and (3) the intervention of the landowner would unduly enlarge the litigation, thereby making it more costly and burdensome. The Court finds in favor of the Defendant Board of Supervisors and the Intervenor.

The Plaintiffs' characterization of this case as only a challenge to the decision making process and/or thought process involved in the zoning determination of the Board of Supervisors is not correct. This case is in fact a declaratory judgment action challenging the zoning decision itself. "Enactment of the declaratory judgment statutes did not vest the courts with authority to render advisory opinions, decide moot questions, or answer merely speculative inquiries. To the contrary, their purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights. Courts cannot afford such 'relief' when they lack the power to bind all parties to the controversy. Actions or opinions are denominated 'advisory' where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive." *Erie Ins. Group v. Hughes*, 240 Va. 165, 170 (1990).

Whatever ruling this Court makes concerning the pending controversy will directly affect the property interests of the landowner. To allow this case to proceed without joining the landowner could easily result in this Court's opinion becoming advisory rather than binding and could engender additional lawsuits. When the decision in *Erie* is read in conjunction with *Friends of Clark Mountain Found., Inc. v. Board of Supervisors*, 242 Va. 16 (1991), and *Riverview Farm Associates v. Board of Supervisors*, 259 Va. 419 (2000), the answer in this case becomes even clearer. In a factual situation such as this, where aggrieved parties challenge the zoning decision in accordance with § 15.2-2285(f), Code of Virginia (1950), as amended, it is not only proper, but also mandatory that the landowner be joined. For these reasons and in the interest of judicial economy and common sense, the Court finds that the Intervenor landowner is a necessary party to this litigation.