# CIRCUIT COURT OF THE CITY OF DANVILLE

Danville Historic
Neighborhood Assn.

v.

City of Danville
and Danville City Council

February 20, 2004

BY JUDGE JOSEPH W. MILAM, JR.

The Court has considered the pleadings and the evidence, as well as the legal authorities and arguments of counsel.

The plaintiff, the Danville Historic Neighborhood Association, moves the Court to preliminarily enjoin the implementation or enforcement of a resolution adopted by the defendants, the City of Danville and the Danville City Council, amending the city's zoning ordinance. The preliminary injunction, if granted, would restore the zoning classifications formerly applicable to two real properties located in Danville's historic overlay district and prohibit the city's governing body from taking any action affecting the zoning classifications of these two properties during the pendency of this litigation. Previously limited to residential use, the two real properties at issue were recently re-zoned to permit certain business or commercial activities.

Pursuant to § 8.01-628, "[n]o temporary injunction shall be awarded unless the [C]ourt shall be satisfied of the plaintiff's equity." Va. Code Ann. § 8.01-628 (Michie 2000). Although the state Supreme Court has not yet delineated the standard to be applied in granting or denying a preliminary injunction, the Fourth Circuit precedent in this area is well-settled. In *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353 (4th Cir. 1991), the Fourth Circuit Court of Appeals considered the following to determine whether a preliminary injunction was warranted:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of irreparable harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

*Rum Creek*, 926 F.2d at 359. The likelihood of irreparable harm to the plaintiff and to the defendant are the two most important factors. *Id.*

The defendant argues that because the corporation which instituted this proceeding did not exist at the time the properties at issue were re-zoned, the corporation lacks standing to maintain this action. The plaintiff counters that the corporate entity is the *de facto* successor to an unincorporated association which existed at the time of the re-zoning and that this affiliation between the corporate entity and the unincorporated association is sufficient to establish the plaintiff's standing. Without deciding at this time whether the standing issue is fatal to the plaintiff's cause, the Court does consider the nature of the corporation's interest in the subject matter of this litigation in its evaluation of the prospect of irreparable harm to the plaintiff if the Court declines to issue a preliminary injunction.

In addition to the fact that the plaintiff was incorporated after the re-zoning at issue occurred, the evidence presented by the plaintiff's own witness suggests that the plaintiff owns no assets and in fact operates as a not-for-profit business. Moreover, the plaintiff's evidence suggests that the corporation instituted this cause in a vicarious capacity for the benefit of owners of neighboring properties in the historic overlay district and others who may not be owners of neighboring properties in the historic overlay district but who support the corporation's mission of preserving historic properties in Danville. At best, the correlation between the zoning classifications of the real properties in question and the prospect of injury unique to the plaintiff seems tenuous. *See Riverton Inv. Corp. v. Economic Dev. Auth.*, 50 Va. Cir. 404, 412 (Warren County 1999) ("A private person who wishes to restrain an official [act] must allege and prove damage to himself different in character from that sustained by the public generally.") (quoting 42 Am. Jur. 2d, *Injunctions*, § 163).

The Court notes that the owners of the two properties in question have not been named as parties. Nor does it appear to the Court that the owners of the properties at issue have been afforded notice of, or an opportunity to participate in, this proceeding. The plaintiff asks the Court to disregard the harm to these owners and to find that the defendants, the City of Danville and the Danville City Council, will not be irreparably harmed. To the extent,

however, that a preliminary injunction is likely to defeat or diminish the interests of the owners of these two properties, the Court declines to award a preliminary injunction without considering their interests. *See Friends of Clark Mountain Found. v. Board of Supervisors*, 242 Va. 16, 409 S.E.2d 19 (1991); *cf. Buxton v. Murch*, 249 Va. 502, 509, 457 S.E.2d 81, 85 (1995) ("A necessary party is one who has an interest in the subject matter of the litigation which is likely to be defeated or diminished by the litigation.") (citation omitted).

Having balanced the relative hardship to the plaintiff if no preliminary injunction is issued against the hardship to the interested owners of the properties at issue if a preliminary injunction is issued, the Court concludes that the balance tips in favor of the interested owners and the defendants. Unlike the plaintiff corporation, the owners of the two properties at issue are faced with the direct prospect of irreparable harm if a preliminary injunction issues. The Court cannot conclude from the evidence presented at the hearing on this matter that the plaintiff can satisfy the stronger showing on the merits required for a preliminary injunction to issue. *See Rum Creek*, 926 F.2d at 359 ("As the balance tips away from the plaintiff, a stronger showing on the merits is required.") (citing *Telvest, Inc. v. Bradshaw*, 618 F.2d 1029 (4th Cir. 1980)). Nor has the plaintiff demonstrated that enjoining the implementation or enforcement of a resolution amending the zoning ordinance that was adopted by the city's elected council members would serve the public interest.

The plaintiff alleges that the process by which the city's council members adopted the resolution to amend the zoning classifications of the properties at issue violated the state's Freedom of Information Act. Specifically, the plaintiff complains that the council members accepted and allegedly formulated opinions on the basis of the correspondence of a city official who advocated the proposed zoning amendments. The Court notes that the correspondence of the city official has been released to the plaintiff and that the Council's resolution was adopted during a duly convened public meeting. The Court accordingly finds that the plaintiff's verified petition fails to allege facts sufficient to show good cause for the injunctive relief requested. For the foregoing reasons, this Court declines to enter a preliminary injunction as requested by the plaintiff.