## CIRCUIT COURT OF THE CITY OF DANVILLE

Danville Historic
Neighborhood Assn., Inc., et al.

v.

City of Danville
and Danville City Council

November 10, 2004

Case No. Ch. 03-242

BY JUDGE JOSEPH W. MILAM, JR.

The defendants, the City of Danville and its Council, request by plea in bar that the Court dismiss the suit for declaratory and injunctive relief herein filed of the plaintiffs, the Danville Historic Neighborhood Association and several owners of residential properties. Specifically, the defendants argue that this matter, which involves the Council's decision to approve two individual applications to rezone two residential properties, became moot upon the intervening adoption of a comprehensive zoning ordinance. The defendants' plea in bar "reduces the litigation to a single issue which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000) (citations omitted). The defendant, the party asserting the plea, carries the burden of proving that issue. *Id.*

Evidence proffered in support of the defendant's plea established that on October 7, 2003, the Council, having convened a public meeting, approved two individual applications to rezone two residential properties. Previously classified R-2 (a "Two-family dwelling"), the property located at 926 Main Street was rezoned conditional O/I (or "Office and Institutional") to accommodate certain uses by businesses, offices, and institutions. Previously classified R-1B (a "Single-family dwelling"), the property located at 126 Sutherlin Avenue was also rezoned conditional O/I. The plaintiffs filed their bill of complaint for declaratory judgment and injunctive relief on November

5, 2003.[1] On February 17, 2004, the Council repealed the former zoning ordinance and enacted a comprehensive "citywide" zoning ordinance.

The testimony of the defendants' witness, the city's zoning administrator, offered during the hearing on the instant motion revealed that the new zoning ordinance encompassed "every property within the jurisdiction" or approximately 24,000 parcels. Tr. at 9. He described the new zoning ordinance as a "complete rewrite," Tr. at 16, and testified that every parcel in the jurisdiction was given a new classification. Tr. at 9. Following a process of notification and public hearings, Tr. at 10, the properties at issue were rezoned T-OC (or "Transitional Residential/Office") to accommodate office and other non-retail uses. Tr. at 10-11.

The determination of mootness "depends upon whether the circuit court [is] asked to decide 'actual controversies injuriously affecting the rights of some party to the litigation'." *Hardy v. Board of Zoning Appeals*, 257 Va. 232, 235-36, 508 S.E.2d 886, 888 (1999) (quoting *Hallmark Personnel Agency, Inc. v. Jones*, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967)). It is a settled rule of construction that, unless a vested property right exists, "the new law, not the former, governs the [review] proceedings." *Moore v. Zoning Appeals Bd.*, 49 Va. Cir. 428 (Spotsylvania 1999) (citing *Chesterfield Civic Assn. v. Board of Zoning Appeals*, 215 Va. 399, 209 S.E.2d 925 (1974)). Here, therefore, the controversy between the parties ceased to exist upon the adoption of the intervening zoning ordinance unless a vested right in the properties accrued under the former ordinance.

The plaintiffs' reliance on *Hardy v. Board of Zoning Appeals*, 257 Va. 232, 508 S.E.2d 886 (1999), is misplaced. In *Hardy*, the landowner operated a "lumbering" business and sought approval to conduct sawmill activities on the property. The zoning administrator denied the landowner's request to construe the term "lumbering" as used in the zoning ordinance to include his sawmill activities. The Board of Zoning Appeals reversed the zoning administrator's decision. Owners of the parcel adjoining the landowner's property then petitioned the circuit court to review the Board of Zoning Appeals's decision.

---

[1] The owners of the two properties at issue have not been named or joined as parties, nor do the owners appear to have been given notice of this proceeding. For the purpose of deciding the instant motion, the Court declines to decide whether these owners are "necessary parties." However, the Court does note a recent circuit court opinion holding that the owner of a property that was the subject of a zoning contest was a "necessary party" to a pending suit for declaratory judgment and injunctive relief. *Runion v. Roanoke County Bd. of Supervisors*, 62 Va. Cir. 453 (Roanoke County 2003).

Ten days later, the county's board of supervisors amended the zoning ordinance, deleting "lumbering" as a permitted use.

The Board of Zoning Appeals filed a motion to dismiss for mootness, arguing that "the case should be dismissed as moot because the term 'lumbering' had been eliminated from the ordinance, and that '[the landowner's] activities now must contend with some form of non-conforming use status'." *Hardy*, 257 Va. at 234, 508 S.E.2d at 887. The adjoining landowners opposed the motion to dismiss, arguing that "[the landowners'] continued operations as a nonconforming use depended upon the correctness of the [Board of Zoning Appeals's] construction of the former ordinance." *Id.* The court sustained the motion to dismiss before hearing argument on the adjoining landowners' motion to take additional evidence in support of their claim.

The state Supreme Court concluded that the court erred in dismissing the matter as moot because "both the [adjoining landowners'] success in causing the termination of [the landowner's] activities or [the landowner's] right to continue those activities, depend upon the correctness of the [Board of Zoning Appeals's] ruling." *Hardy*, 257 Va. at 236, 508 S.E.2d at 888. The amendment of the ordinance did not moot the adjoining landowners' appeal because, if the Board of Zoning Appeals's construction of the former ordinance was correct, the landowner had a vested right to continue the sawmill activities as a nonconforming use under the new ordinance. It was therefore still necessary for the court to construe the prior ordinance.

*Hardy* is inapposite because the plaintiffs here do not allege and cannot establish the accrual under the former ordinance of vested rights in the properties. This is so because the plaintiffs are not, they concede, owners of the properties and the plaintiffs have incurred no "extensive obligations" or "substantial expenses" in reliance on a "significant affirmative governmental act." Va. Code Ann. § 15.2-2307 (Michie 2003). Indeed, *Hardy* expressly distinguished a mootness issue involving "existing, continuing . . . and nonconforming" uses from a mootness issue involving "prospective" uses, the mootness issue now before this Court. *Hardy*, 257 Va. at 236, n. 4, 508 S.E.2d at 888, n. 4.

Following the adoption of the intervening zoning ordinance, the plaintiffs were not without recourse. However, the plaintiffs concede they elected not pursue the available remedy, opting not to contest the decision to rezone the properties T-OC. Tr. at 18. Such a contest is now apparently time-barred by § 15.2-2285(F) which provides that actions challenging zoning decisions by local governing bodies "shall be filed within thirty days of the [challenged] decision." Va. Code Ann. § 15.2-2285(F) (Michie 2003).

Here, the plaintiffs request that the Court invalidate the amendments to the former zoning ordinance adopted on October 7, 2003, arguing that the amendments constituted illegal "spot zoning." The plaintiffs premise this argument on their contention that the amendments were designed "solely to serve the interests" of the owners of the rezoned properties, not "to further the welfare of the entire . . . city as part of an overall zoning plan." *Wilhelm v. Morgan*, 208 Va. 398, 403, 157 S.E.2d 920, 924 (1967). However, the plaintiffs concede the subsequent adoption of a comprehensive "citywide" zoning ordinance that changed the zoning of these properties from conditional O/I, the amended classification adopted on October 7, 2003, to T-OC.

The difficulty with the plaintiffs' position is that, because the plaintiffs acquired no vested right in the properties under the former ordinance, "the new law, not the former, governs the proceedings." *Moore*, 49 Va. Cir. at 428. The plaintiffs have not established that the current T-OC zoning classification is derived from the former conditional O/I classification. The defendants' witness, the city's zoning administrator, described the new ordinance as a "complete rewrite," as noted above. Tr. at 9. It follows that because the current T-OC classification is not derived from, or otherwise tied to, the former, allegedly improper, conditional O/I classification, the resolution of the allegation of illegal "spot zoning" will not affect the current rights of the parties.

For the foregoing reasons, the Court finds that the defendants have established that the plaintiffs acquired no vested right in the properties under the prior ordinance and that the controversy between the parties therefore ceased to exist upon the intervening adoption of the comprehensive zoning ordinance. "The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Potts v. Mathieson Alkali Works*, 165 Va. 196, 225, 181 S.E.2d 521, 533 (1935) (citing *Mills v. Green*, 159 U.S. 651 (1895)). The defendants' plea in bar is accordingly sustained.

REPORTER'S NOTE: Earlier proceedings in this case are reported at 64 Va. Cir. 83 (2004).