COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Decker and AtLee
Argued at Richmond, Virginia


JENNIFER SUZANNE SCHEER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1145-17-2               JUDGE MARLA GRAFF DECKER
                                                    AUGUST 14, 2018
DAVID CLARK SCHEER


                    FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                                      Cheryl V. Higgins, Judge

              Christopher J. Smith (Law Offices of Christopher J. Smith, PC, on
              briefs), for appellant.

              Ann W. Mische (Joseph & Mische, PC, on brief), for appellee.


       Jennifer Suzanne Scheer (the wife) appeals a final order of the circuit court resolving

equitable distribution issues in the course of her divorce from David Clark Scheer (the husband).

The wife argues that the equitable distribution award was flawed due to the court's improper

treatment of the husband's student loans.  The husband asks this Court to affirm.  In the

alternative, if this Court holds that error occurred, he assigns cross-error to the equitable

distribution decision.  Both parties also ask for appellate attorneys' fees and costs incurred on

appeal.  For the reasons that follow, we affirm in part, reverse in part, and remand to the circuit

court.  In addition, we deny both parties' requests for attorneys' fees and costs.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

# I. BACKGROUND

The parties were married in 2006. That year, the husband started a five-year clinical psychology doctorate program. Numerous student loans were obtained to pay for the program as well as family living expenses.

The parties had two children during the marriage and last lived together in June 2011. The wife filed a complaint for divorce in 2014. The husband filed an answer and "counter complaint" seeking, in pertinent part, equitable distribution of debt associated with the student loans. The wife asked the circuit court to apportion the entirety of the outstanding student loan debt to the husband. No other property was the subject of equitable distribution.

The circuit court held a hearing on February 5 and 8, 2016, in which both parties gave evidence. The parties stipulated that the husband obtained eighteen student loans during the marriage. They also agreed to the amounts of the outstanding loan balances as of early 2016, around the date of the hearing. The court ruled from the bench, finding that the parties separated on July 1, 2011. It also held that the student loans were marital. The court allocated 25% of the loans to the wife and 75% to the husband.

The wife objected on the grounds that the court had not determined the amounts owed on the loans as of the date of separation as required by Code § 20-107.3. The husband responded with a motion asking the court to make additional findings on the balances of the loans as of that date.

The court concluded that it was an "oversight" that the amounts owed on the loans on the date of separation was not specifically addressed at the evidentiary hearing. It reopened the record and held a hearing to allow the husband to establish the amounts that the parties owed on the relevant date of separation.

The June 23, 2017 final decree granted the divorce based on the parties' separation for more than one year. The court ultimately adopted its initial February 2016 ruling, concluding that the student loan debt incurred during the marriage was marital. It allocated 25% of that student loan debt to the wife and 75% to the husband. The circuit court noted that the evidence was insufficient to determine the amounts of the loans owed on the date of separation and consequently declined to "cite" those values. In light of the lack of evidence on the amounts owed on the loans as of the date of separation, the court based "the division . . . on the values that were submitted" that reflected the amounts that the parties owed around the time of the evidentiary hearing. In fashioning the allocation, the court ordered the wife to "assume" the payments on certain of the loans.

The wife appeals the circuit court's equitable distribution order.

II. ANALYSIS

This appeal addresses certain aspects of the circuit court's order pertaining to the equitable distribution of the debt incurred through the student loans. Additionally, each party seeks an award of attorney's fees and costs incurred as a result of this appeal.

A. Equitable Distribution

The wife argues that the circuit court erred by reopening the record to allow the husband to submit additional evidence. She also contends that the court abused its discretion by allocating 25% of the student loan debt to her.

The husband responds that the wife did not preserve some of her arguments because she failed to object with reasonable certainty at the time of the ruling. He additionally contends that regardless the circuit court could reopen the record and equitably distribute the loans without finding their balances as of the date of separation. The husband asks this Court to affirm the

equitable distribution order. He alternatively requests that we remand the case to the circuit court to make findings on the loan balances based on the admitted evidence.

*1. Preservation of Issues*

The husband argues that some of the wife's assignments of error are procedurally barred. Specifically, he claims that she did not raise the issue of the absence of evidence regarding the loan balances as of the date of separation at an appropriate time below. He suggests that as a consequence, the wife's assignments of error related to that issue are procedurally barred.

It is well established that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18; see Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). The purpose of the contemporaneous objection rule is to give the circuit court "an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004). Therefore, this Court will not consider an argument on appeal unless it was presented to the circuit court with specificity and in time for the court to correct any error. See, e.g., Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 331-32, 746 S.E.2d 509, 527 (2013). Parties can "meet the mandates of Rule 5A:18 in many ways," including stating the grounds for an objection in a motion to reconsider or in an objection to a final order. Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (*en banc*); see Menninger v. Menninger, 64 Va. App. 616, 620 n.3, 770 S.E.2d 232, 234 n.3 (2015).

Here, when the circuit court made its initial ruling from the bench on the student loan distribution, the wife asked if the judge "determin[ed] . . . the value of the loans . . . as of the date

of separation." She did not object at that time but subsequently objected and filed a motion for reconsideration. In that motion, she argued that the court erroneously determined the amounts owed on the debts as of the date of the evidentiary hearing rather than as of the date of separation. She further contended that the husband failed to present adequate evidence from which the court could determine the balances of the debts as of the separation date and, therefore, that the court did not have the authority to equitably distribute them.

The wife again made this argument at the hearings on May 27, 2016, September 15, 2016, and April 4, 2017. In addition, she repeated it in her motion to reconsider the court's April 4, 2017 ruling and in her written objections to the June 23, 2017 final decree.

In this case, the values of the loans as of the date of the parties' separation was the subject of numerous arguments and filings. The wife repeatedly made her objection. In fact, the court reopened the record specifically to address that precise factual question. The husband had ample opportunity to respond, and the circuit court had the opportunity to correct any error. Consequently, the wife is not precluded by Rule 5A:18 from arguing on appeal that the loans could not be subject to equitable distribution due to the deficiency in the record regarding their balances as of the date of separation.

The husband additionally contends that the wife invited error because during the February 5 and 8, 2016 hearings, she disputed only the classification of the debts and date of separation. The husband contends that the wife therefore "waived" her equitable distribution objections because she invited any error that occurred. He suggests that he decided not to move to admit certain documents into evidence because the wife argued only that the debts were separate.

A party may not "invite error and then attempt to take advantage of the situation created by his own wrong." Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009)

(quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). Further, a litigant can waive an argument either explicitly or implicitly "upon clear and unmistakable proof of the intention to waive." King v. Commonwealth, 264 Va. 576, 581, 570 S.E.2d 863, 865 (2002) (quoting Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998)).

These legal principles simply do not apply in this case. The wife consistently and repeatedly argued to the circuit court that it could not divide the student loans without first determining the amounts owed as of the date of separation. She certainly did not ask the court to adopt the amounts owed as of a different date. On this record, we reject the husband's claim that the wife invited the error that she now challenges. See Everett v. Carome, 65 Va. App. 177, 184, 775 S.E.2d 449, 453 (2015). Similarly, the record does not support the suggestion that the wife waived her arguments pertaining to the balances of the loans.

For these reasons, the wife's assignments of error are not procedurally barred.

### 2. *Acceptance of Additional Evidence*

The wife contends that the circuit court erred by reopening the record because it was an abuse of discretion to do so after the court had "rendered equitable distribution rulings" and because the husband did not request such relief.

Following the circuit court's initial ruling from the bench, the husband asked the court to make findings on the values of the loans as of the date of the parties' separation. In addition, he directed the court to certain documents, suggesting that the information contained within them provided sufficient data from which the court could extrapolate the amounts owed as of the separation date. He attached some documents to his motion including a worksheet reflecting his proposed calculations. The wife objected in part on the ground that it would be error for the court to allow the husband to supplement the record with additional and unauthenticated documents.

- 6 -

The circuit court concluded that it was an "oversight" that "the amount of the loans on the date of separation" was not specifically addressed at the prior hearing. Although the court refused to consider the husband's additional documentation, it reopened the record solely to allow presentation of evidence regarding the balances of the loans as of the date of separation.

On August 22, 2016, the court held the supplemental evidentiary hearing for that purpose. The husband introduced a deposition of an employee of a company that was both one of the lenders and guarantor of the loans and a supporting document purporting to show the loan balances as of July 31, 2011.[1]

A decision "to reopen a hearing to take further evidence" is a "matter[] within the court's discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998); see Hawthorne v. VanMarter, 279 Va. 566, 577, 692 S.E.2d 226, 233 (2010). "Usually," a motion to reopen a hearing is "based upon error apparent on the face of the record, or for the purpose of introducing after-discovered evidence." Shooltz, 27 Va. App. at 269, 498 S.E.2d at 439-40 (quoting Kirn v. Bembury, 163 Va. 891, 900-01, 178 S.E. 53, 56 (1935)).

In making its decision, the court may consider whether "reopen[ing] a hearing would cause prejudice, delay, confusion, inconvenience, surprise or injustice to the opposing party." Id. at 269 n.1, 498 S.E.2d at 440 n.1. "Although the trial judge is a neutral and impartial arbiter and should not abandon that role by becoming an advocate, the trial judge is not required to sit idly and observe a miscarriage of justice occur because one party inadvertently overlooks establishing a routine element of proof." Lebedun v. Commonwealth, 27 Va. App. 697, 716, 501 S.E.2d 427,

---

[1] The husband also filed a September 20, 2016 motion asking the circuit court to admit certain documents produced during discovery. He averred that had he realized that the amounts owed on the date of separation was an issue in dispute, the documents would have been "automatically admitted" at the original evidentiary hearing pursuant to the circuit court's pretrial scheduling order. The court granted the motion to admit the exhibits. The wife does not appear to challenge the admission of this evidence on appeal.

436 (1998).  See generally Singleton v. Commonwealth, 278 Va. 542, 551, 685 S.E.2d 668, 673 (2009) (recognizing a trial court's inherent authority to administer the cases on its docket).

Here, the judge explained that she reopened the record because during the first hearing, the parties stipulated to certain facts regarding the loans and she thought that they did not dispute the amounts owed on the loans as of the date of separation.  The court concluded that based on the equities of the case, it was best to reopen the record in order to rectify the "evidentiary oversight."  Under these circumstances, the circuit court acted within its discretion by allowing the admission of additional evidence.[2]

The wife also suggests that the circuit court could not hold an additional evidentiary hearing because doing so was a grant of relief that the husband never requested.  She bases this argument on the principle that "a court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed."  Jenkins v. Bay House Assocs., L.P., 266 Va. 39, 43-45, 581 S.E.2d 510, 512-13 (2003) (reversing civil decree in part because the court awarded relief based on the adjudication of a claim that the plaintiff did not plead).  Quite simply, a decision to reopen the record is not a "decree or judgment order."  See decree and judgment, Black's Law Dictionary (10th ed. 2014) (defining a "decree" and "judgment" as final decisions).  Therefore, the principle cited by the wife does not apply to a situation where, as here, the court decided to reopen the record in the interest of the equities of the parties and in order to determine a factual question on an issue that was pled and properly before it.

Further, although the husband did not specifically ask the circuit court to hold an additional evidentiary hearing, he did ask the court to accept additional documentary evidence

---

[2] The wife suggests that the circuit court could not reopen the record because it was bound by the restrictions governing a motion to admit after-discovered evidence.  See Joynes v. Payne, 36 Va. App. 401, 418, 551 S.E.2d 10, 18 (2001).  This case did not involve a motion to admit after-discovered evidence.  Rather, the husband asserted that any evidentiary gap resulted from a misunderstanding and inadvertence.

into the record. The court declined to consider the documents that the husband presented outside of the traditional discovery or hearing processes, implicitly concluding that fairness dictated that the husband have another opportunity to prove the loan balances as of the date of separation in a proceeding subject to cross-examination by the wife. We cannot say that this ruling constituted an abuse of discretion by the judge.

For these reasons, we affirm the circuit court's ruling to permit additional evidence into the record in a supplemental hearing held after the initial evidentiary hearing.

### 3. Treatment of the Student Loans

The wife argues that the circuit court's equitable distribution of the loans was erroneous because the husband did not provide evidence sufficient to permit valuation of the debts as of the date of separation and the loans titled in the husband's name could not be allocated to her.[3]

On appellate review, a circuit court's equitable distribution award "will not be overturned unless the Court finds 'an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" Wiencko v. Takayama, 62 Va. App. 217, 229-30, 745 S.E.2d 168, 174 (2013) (quoting McIlwain v. McIlwain, 52 Va. App. 644, 661, 666 S.E.2d 538, 547 (2008)). We must view the evidence "in the light most favorable to the prevailing party below," here the husband, and afford to him "all reasonable inferences fairly deducible therefrom." Milam v. Milam, 65 Va. App. 439, 447, 778 S.E.2d 535, 539 (2015) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 40, 764 S.E.2d 284, 287 (2014)). In addition, "[i]t is well established that [the circuit court as] the trier of fact

---

[3] In the argument section of her opening brief, the wife also suggests that the circuit court erred by classifying the two most recent loans as marital because they were incurred on the date of separation. This argument is not encompassed by the assignments of error, and therefore we do not address it. See, e.g., Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 188 n.2, 717 S.E.2d 811, 813 n.2 (2011) ("[T]his Court considers only assignments of error." (citing Rule 5A:20(c)).

ascertains a witness' credibility, determines the weight to be given to [his or her] testimony, and has discretion to accept or reject any of the witness' testimony." Layman v. Layman, 62 Va. App. 134, 137, 742 S.E.2d 890, 891 (2013) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)).

### a. Requirement to Determine Loan Balances as of Separation Date

The wife challenges the circuit court's apportionment of the marital debt to her despite its conclusion that it did not have sufficient evidence to value the loans as of the date of separation. She suggests that because the husband failed to meet his burden of presenting sufficient valuation information, the circuit court was not permitted to allocate the debt.

We conduct our analysis of this claim pursuant to applicable statutory requirements and well-established legal principles. Code § 20-107.3 requires a court effecting an equitable distribution to proceed in an orderly fashion. Specifically, it must (1) "classify the property," (2) "assign a value" to the property, and (3) "distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)."[4] Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812, aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). Regarding debt of the parties, the equitable distribution statute provides that the "court shall determine the amount of any such debt," separate and marital, "as of the date of the last separation of the parties." Code § 20-107.3(A). The statute further directs the circuit court to

---

[4] The party asking the circuit court to equitably distribute certain property bears the burden of providing "credible evidence of present value." See Torian v. Torian, 38 Va. App. 167, 177, 562 S.E.2d 355, 360 (2002). Under this standard, the husband, as the party asking the court to equitably distribute his student loan debt, bore the burden of providing credible evidence of the amounts of the loans on the date of the parties' separation. See Code § 20-107.3(A); Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987).

determine "the extent to which such debt has increased or decreased from the date of separation until the date of the evidentiary hearing." Id.[5]

We are called upon to decide if the provision in Code § 20-107.3(A) that the court value debts of divorcing parties is mandatory or directory. See Rickman v. Commonwealth, 294 Va. 531, 537, 808 S.E.2d 395, 398 (2017) (explaining that both mandatory and directory statutes use the word "shall"). This Court has previously interpreted the word "shall" as mandatory in a different provision of the same statutory subsection at issue in this case.[6] Fox v. Fox, 61 Va. App. 185, 193, 734 S.E.2d 662, 666 (2012) (holding that the subsection's provisions that a court shall "determine legal title, ownership, value, whether property is marital or separate, and shall [also] determine the nature of all debts . . . [are] mandatory"). Applying Fox, we necessarily conclude that the statutory provision that the "court *shall* determine the amount of any [marital] debt as of the date of the last separation of the parties" is likewise mandatory. See Code § 20-107.3(A) (emphasis added); Finnerty v. Thornton Hall, Inc., 42 Va. App. 628, 635, 593 S.E.2d 568, 571 (2004) ("[W]hen the legislature uses the same word . . . 'in different parts of the same statute, the presumption is that it was used in the same sense . . . , unless a contrary intention clearly appears.'" (quoting Bridgewater Mfg. Co. v. Funkhouser, 115 Va. 476, 480, 79 S.E. 1074, 1076 (1913))). The statutory scheme does not provide circuit courts with the

---

[5] The statute also provides that "[u]pon motion of either party made no less than 21 days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used." Code § 20-107.3(A). Neither party in this case made such a motion. See generally David v. David, 64 Va. App. 216, 225, 767 S.E.2d 241, 245 (2015) (rejecting the circuit court's alternate valuation date when neither party made such a motion).

[6] We note that in the context of a "deferred distribution of the marital share of the pension" awarded under Code § 20-107.3(G), this Court has held that the circuit court "need not determine the pension's present value." Torian, 38 Va. App. at 177, 562 S.E.2d at 360. The plain language of the Code of Virginia does not provide for an exception to the mandate in Code § 20-107.3(A) for student loan debt, and we decline the husband's invitation to create one.

- 11 -

authority to factor a debt into the equitable distribution calculation without first determining the amount owed. See generally Wroblewski v. Russell, 63 Va. App. 468, 478, 759 S.E.2d 1, 6 (2014) (explaining that a circuit court's power "is '"entirely statutory and limited"'" in divorce matters" (quoting Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993))); Wiencko, 62 Va. App. at 231, 745 S.E.2d at 175 (limiting the interpretation of Code § 20-107.3 to its actual text). Consequently, the circuit court erred by not determining the amounts owed on the loans as of the date of separation before distributing the marital property to the parties.

This conclusion, however, does not end our analysis. In addition, we must consider whether the balances owed on the debts as of the date of separation as opposed to five years later, much closer to the time of the hearing, were "relevant or material to the equitable distribution determination." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994); see also Milam, 65 Va. App. at 459, 778 S.E.2d at 545 (providing that an error is harmless if "the parties have had a fair trial on the merits and substantial justice has been reached" (quoting Code § 8.01-678)). If those balances were not relevant or material, "the failure to comply with the requirement of Code § 20-107.3(A) [is] harmless error." McDavid, 19 Va. App. at 413, 451 S.E.2d at 718; see also Code § 8.01-678 (requiring harmless error review).

The circuit court was faced with a difficult case and focused on the equities involved. It attempted to avoid the requirement of valuation by ordering the wife to make all future payments on certain loans. It determined which loans constituted the wife's 25% of the marital share based on their 2016 balances.[7] Under these facts, we cannot say that the circuit court's failure to

---

[7] Between 2011 and 2016, as the loans accrued interest and possibly incurred other charges, the amounts owed increased. The court's apportionment of the loans based on the 2016 valuation dates effectively assigned the wife $23,710 of this additionally accrued amount, whether categorized as interest, fees, or other costs, without regard to whether it was accrued after the date of separation.

determine the amounts owed as of the date of separation did not affect the equitable distribution determination. Consequently, the error cannot be deemed harmless.

For these reasons, we reverse and remand the equitable distribution award.[8]

### b. The Husband's Challenges to Lack of Valuation

The husband assigns cross-error that he asks us to address if we reverse and remand the equitable distribution order. His assignments of cross-error pertain to the circuit court's conclusion that the evidence was insufficient to determine the balances owed on the loans as of the date of the parties' separation.

At the outset, we note that the husband identified five assignments of cross-error. However, the argument section of his brief encompasses only two of these assignments. Rule 5A:21(d) requires that a brief of an appellee must provide, for "each assignment of error, the standard of review and the argument—including principles of law and the authorities." In addition, Rule 5A:21(b) requires an appellee to include "a clear and exact reference" to the record "where each additional assignment of error was preserved in the trial court." The husband, in addition to neglecting to brief three of his assignments of cross-error, directed our attention to over three hundred pages in the four-volume appendix purporting to reflect where these assignments of error were preserved below.

This Court has repeatedly made clear that "undeveloped arguments 'do not merit appellate consideration.'" Sfreddo v. Sfreddo, 59 Va. App. 471, 494, 720 S.E.2d 145, 157 (2012) (quoting Reid v. Commonwealth, 57 Va. App. 42, 48, 698 S.E.2d 269, 271 (2010)). We

---

[8] The circuit court did not follow the steps under Code § 20-107.3. Although it classified the loans, it did not properly value them. Consequently, we do not reach the wife's assignment of error relating to the third step of distribution in which she alleges that the court impermissibly transferred the husband's separate debt to her. See generally Code § 20-107.3(C) (providing, in pertinent part, that "[e]xcept as provided in subsection G, the court shall have no authority to order the division or transfer of separate property or marital property, or separate or marital debt, which is not jointly owned or owed").

conclude that the husband's failures in this case to comply with Rule 5A:21 are significant, "and we deem the argument[s] waived." See Milam, 65 Va. App. at 466, 778 S.E.2d at 548; see also Key Risk Ins. Co. v. Crews, 60 Va. App. 335, 347 n.7, 727 S.E.2d 436, 442 n.7 (2012) (applying Rule 5A:21 to bar consideration of an assignment of cross-error). We do, however, address the husband's arguments that the circuit court erred by "determin[ing] that the maximum balances arrived at for the Grad Plus loan, the private loan, and the unsubsidized Stafford loans were 'insufficient' to determine the balance[s] of the loans as of the date of separation" and by not taking judicial notice of certain federal laws.[9]

In the circuit court, the husband suggested that the court could rely on the loans' interest rates, their original amounts, and certain federal provisions that govern student loans in order to calculate the balances owed as of the date of the parties' separation. The court declined to give the husband's evidence weight in making findings due to "questions of credibility" and to take judicial notice of the federal laws.

The circuit court has the discretion to make a finding of an amount that is supported by the evidence even when the record does not definitely prove an exact value. See, e.g., Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1998) (recognizing that a court may select a value within a range of opinions). Although a court cannot "arbitrarily reject credible evidence of value merely because other evidence might be more accurate, convincing, desirable or persuasive," it is the duty of the court in the first instance to determine whether the record

_____

[9] In addition, we note that to the extent that the husband included argument on his assignment of cross-error suggesting that the court erred by "not finding that the balance[s] of the loans incurred on July 1, 2011," "were the original balances," the record does not support his assertion. The husband suggests that the "incurred" date of the July 1, 2011 loans conclusively establishes that the parties owed the original amounts of the loans as of the date of separation. However, the record does not show when the loans were disbursed. The husband testified that he could not remember when he received the proceeds of the July 1, 2011 loans. Therefore, the record supports the circuit court's conclusion that the husband did not meet his burden of proving the amounts owed on the July 1, 2011 loans as of the date of separation.

contains "credible evidence of value." Bowers v. Bowers, 4 Va. App. 610, 618, 359 S.E.2d 546, 551 (1987). We "defer to the trial [judge's] evaluation of the credibility" of the evidence. Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002). In addition, "[i]t is well established that the trier of fact . . . determines the weight to be given" to particular evidence "and has discretion to accept or reject any of [it]." Layman, 62 Va. App. at 137, 742 S.E.2d at 891 (quoting Street, 25 Va. App. at 387, 488 S.E.2d at 668).

The husband suggests that even if the exact amounts owed on particular loans were not ascertainable, the court "had the means before it to calculate . . . the approximate amounts" and erred by not finding an approximate valuation. In the circuit court, he proposed calculations based on the interest rates of the loans, suggesting that the calculations determined the amounts owed on the loans as of the date of the parties' separation. However, the husband did not present any evidence to the court supporting his assertion that he used an acceptable method for proving the balances on the loans for purposes of equitable distribution. See Bowers, 4 Va. App. at 619-20, 359 S.E.2d at 552 (affirming the circuit court's refusal to value an asset after the wife relied on her attorney's computation of value). In short, based on the record, the court was not required to accept the husband's calculations as credible.

However, in a civil action, courts of the Commonwealth must "take judicial notice" of "what [any relevant] law, statutory or otherwise, of this Commonwealth, of another state, of the United States, of another country, or of any political subdivision or agency of the same is, or was, at any time, . . . whether specially pleaded or not." Code § 8.01-386; see also Hardy v. Bd. of Zoning Appeals, 257 Va. 232, 233 n.1, 508 S.E.2d 886, 886 n.1 (1999) (taking judicial notice of zoning ordinances); cf. Williams v. Commonwealth, 289 Va. 326, 332-35, 771 S.E.2d 675, 678-80 (2015) (addressing judicial notice of facts in a criminal context). Therefore, the circuit court erred by refusing to take judicial notice of any relevant federal laws.

On remand, the circuit court should take judicial notice of federal statutes and regulations relevant to determining the amounts owed on the loans as of the date of separation.

## B. Attorney's Fees and Costs

Each party seeks an award of attorney's fees and costs on appeal. Pursuant to Rule 5A:30, in specified cases in which attorney's fees are recoverable under Title 20 of the Code of Virginia, the Court of Appeals "may award" some or all of the fees requested or "remand the issue to the circuit court . . . for a determination thereof." Rule 5A:30(b)(1), (2). Whether to award fees is discretionary. See id. In determining whether to make such an award, the Court may consider factors including whether the requesting party has prevailed, whether the appeal was fairly debatable or frivolous, and whether other reasons exist to support an award of attorney's fees and costs. See Rule 5A:30(b)(3), (4); Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In addition, Rule 5A:30(b)(3) specifically directs this Court to "consider all the equities of the case."

Considering all the factors set out in Rule 5A:30 and the applicable case law, we deny both parties' requests for attorneys' fees and costs incurred on appeal.

## III. CONCLUSION

For the reasons stated, we affirm in part, reverse in part, and remand for the circuit court to reconsider valuation of the student loans and equitable distribution. The circuit court should consider relevant federal laws in determining whether the evidence is sufficient to value the student loans at the time of the parties' separation.

The circuit court is also required to consider the impact of the equitable distribution of the marital estate on child support. See Code § 20-108.1(B)(11), (15) (permitting a court to deviate from the presumptive calculation under the child support guidelines based on the

"[e]arning capacity, obligations, and financial resources" of the parents as well as "the equities for the parents and children"). Accordingly, our ruling reversing the equitable distribution award and remanding for a redetermination requires that the circuit court, on remand, also revisit the award of child support. See generally Robinson v. Robinson, 46 Va. App. 652, 671, 621 S.E.2d 147, 156-57 (2005) (*en banc*).

Last, we deny both parties' requests for attorneys' fees and costs incurred on appeal.

Affirmed in part, and reversed and remanded in part.